# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN B. DeVRIES AND ROBERTA DeVRIES, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| GENERAL ELECTRIC CO., *et al.* | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this Court, counsel for plaintiff shall complete a Case management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services Denying plaintiff Social Security Benefits.                                   (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.                                      (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.         ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                  (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                                   (  )

| | | |
|---|---|---|
| January 25, 2013 | John P. McShea | General Electric Co. and CBS Corp. |
| Date | Attorney-at-law | Attorneys for Defendants |
| 215-599-0800 | 215-599-0888 | Jmcshea@mcshealawfirm.com |
| Telephone No. | FAX Number | E-Mail Address |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case of the purpose of assignment to the appropriate calendar.**

Address of Plaintiff:     **4506 Briar Hill West, Lafayette Hill, PA 19444**

Address of Defendant:     **600 Grant Street, 44th Floor, Pittsburgh, PA 15219**

Place of Accident, Incident or Transaction:

Does this case involve multi-district litigation possibilities?     Yes

RELATED CASE, IF ANY

Case Number:  __MDL 875__     Judge:  **Eduardo Robreno**     Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐ No ■

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐ No ■

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐ No ■

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐ No ■

CIVIL: (Place √ in ONE CATEGORY ONLY)

A.     *Federal Question Cases:*

1.  ☐  Indemniity Contract, Marine Contract, and All Other Contracts
2.  ☐  FELA
3.  ☐  Jones Act-Personal Injury
4.  ☐  Antitrust
5.  ☐  Patent
6.  ☐  Labor-Management Relations
7.  ☐   Civil Rights
8.  ☐  Habeas Corpus
9.  ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ■  All other Federal Question Cases
    (Please specify)

B.     *Diversity Jurisdiction Cases:*

1.  ☐  Insurance Contract and Other Contracts
2.  ☐  Airplane Personal Injury
3.  ☐  Assault, Defamation
4.  ☐  Marine Personal Injury
5.  ☐  Motor Vehicle Personal Injury
6.  ☐  Other Personal Injury (Please Specify)
7.  ☐  Products Liability
8.  ☐  Products Liability - Asbestos
9.  ☐  All other Diversity Cases
       Idea Misappropriation

# ARBITRATION CERTIFICATION

I, **John P. McShea,** counsel of record do hereby certify:

■     Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and cost.

☐     Relief other than monetary damages is sought.

| Date: | **January 25, 2013** | /s/  John P. McShea | 34562 |
|---|---|---|---|
| | | Attorney-at Law | Attorney I.D. # |

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

| Date: | **January 25, 2013** | /s/   John P. McShea | 34562 |
|---|---|---|---|
| | | Attorney-at Law | Attorney I.D. # |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM** to be used by counsel to indicate the category of the case of the purpose of assignment to the appropriate calendar.

Address of Plaintiff: **4506 Briar Hill West, Lafayette Hill, PA 19444**

Address of Defendant: **600 Grant Street, 44th Floor, Pittsburgh, PA 15219**

Place of Accident, Incident or Transaction:

Does this case involve multi-district litigation possibilities?     Yes

RELATED CASE, IF ANY

Case Number: __MDL 875__        Judge: __Eduardo Robreno__     Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1.     Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                                                                                          Yes ☐ No ■

2.     Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                       Yes ☐ No ■

3.     Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                              Yes ☐ No ■

4.     Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                                                                                        Yes ☐ No ■

CIVIL: (Place √ in ONE CATEGORY ONLY)

**A.**     *Federal Question Cases:*

1. ☐  Indemniity Contract, Marine Contract, and All Other Contracts
2. ☐  FELA
3. ☐  Jones Act-Personal Injury
4. ☐  Antitrust
5. ☐  Patent
6. ☐  Labor-Management Relations
7. ☐   Civil Rights
8. ☐  Habeas Corpus
9. ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ■  All other Federal Question Cases
       (Please specify)

**B.**     *Diversity Jurisdiction Cases:*

1. ☐  Insurance Contract and Other Contracts
2. ☐  Airplane Personal Injury
3. ☐  Assault, Defamation
4. ☐  Marine Personal Injury
5. ☐  Motor Vehicle Personal Injury
6. ☐  Other Personal Injury (Please Specify)
7. ☐  Products Liability
8. ☐  Products Liability - Asbestos
9. ☐  All other Diversity Cases
       Idea Misappropriation

## ARBITRATION CERTIFICATION

I, **John P. McShea,** counsel of record do hereby certify:

   ■     Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and cost.

   ☐     Relief other than monetary damages is sought.

Date: __January 25, 2013__          /s/  John P. McShea                                        34562

                                        Attorney-at Law                                    Attorney I.D. #

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: __January 25, 2013__          /s/  John P. McShea                                        34562

                                        Attorney-at Law                                    Attorney I.D. #

JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN B. DeVRIES and ROBERTA G. DeVRIES

## DEFENDANTS
GENERAL ELECTRIC COMPANY, et al.

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert E. Paul, Esq.; Paul, Reich & Myers, P.C.
160 Walnut Street, Suite 500, Phila., PA  19106   215-735-9200

Attorneys (If Known)
John P. McShea, Esq.; McShea Law Firm, P.C.
1717 Arch Street, 28th Floor, Phila., PA  19103   215-599-0800

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 462 Naturalization Application | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | | ☐ 463 Habeas Corpus - Alien Detainee | |
| | ☐ 440 Other Civil Rights | | | ☐ 465 Other Immigration Actions | |

Other Statutes (continued):
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN    (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Plaintiffs allege injury due to exposure to asbestos.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE  Eduardo C. Robreno

DOCKET NUMBER  MDL 875

DATE
01/25/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/  JOHN P. McSHEA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN B. DeVRIES and<br>ROBERTA G. DeVRIES, h/w<br>4506 Brian Hill West<br>Lafayette Hill, PA 19444<br><br><br>                         Plaintiffs,<br><br>v.<br><br><br>GENERAL ELECTRIC COMPANY<br>c/o C.T. Corporation System<br>116 Pine Street, Suite 320<br>Harrisburg, PA 17101<br><br>CBS CORPORATION, a Delaware<br>Corporation, f/k/a Viacom, Inc., successor by<br>merger to CBS Corporation, a Pennsylvania<br>Corporation, f/k/a Westinghouse Electric<br>Corporation<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br><br>ALLEN-BRADLEY COMPANY<br>8040 Excelsior Drive, Suite 200<br>Madison, WI, USA 53717<br><br>ALLEN-SHERMAN-HOFF<br>457 Creamery Way<br>Exton, PA 19341<br><br>AMTICO<br>Division of American Biltrite<br>57 River Street<br>Wellsley Hills, MA 02181<br><br>AURORA PUMP<br>c/o Lynette Jones<br>13515 Ballantyne Corporate Place<br>Charlotte, NC 28277<br><br>AZROCK INDUSTRIES, INC.<br>CT Corporation Systems<br>Corporation Trust Center | CIVIL ACTION<br>NO.<br><br><br><br><br><br>MDL 875<br><br>Asbestos Case<br><br>Hon. Eduardo C. Robreno<br><br><br><br><br>**NOTICE OF REMOVAL** |

1209 Orange Street
Wilmington, DE 19801

BAYOR CROPSCIENCE, INC., as
Successor to Amchem Products, Inc.
1 TW Alexaneer Drive
Research Triangle Park, NJ 27709

BEAZER EAST (f/k/a Koppers)
c/o Three Rivers Management
Manor Oak One, Suite 200
1910 Cochrane Road
Pittsburgh, PA 15220

BELL & GOSSETT/DOMESTIC PUMP
8200 N. Austin Avenue
Morton Grove, IL 60053

BF GOODRICH COMPANY
2730 W. Tyvola Road
Charlotte, NC 28217-4543

BRYANT HEATING AND COOLING
7310 W. Morris Street
Indianapolis, IN 46231

BUFFALO PUMPS, INC.
874 Oliver Street
North Tonawanda, NY 14120

BW/IP, INC.
c/o Flow Service Corporation
5215 N. O'Connor Blvd., Suite 2300
Irving, TX 75039

BRAND INSULATION, INC.
c/o CT Corp System
116 Pine Street, Suite 320
Harrisburg, PA 17101

BURNHAM LLC
1239 Harrisburg Pike
Lancaster, PA 17604

CERTAIN-TEED CORPORATION

750 E. Swedesford Road
Valley Forge, PA  19481

CHICAGO DRYER
2200 N. Pulaski Road
Chicago, IL  60639

CLARK CONTROLLER CO.
c/o GTE Products Corporation
100 Endicott Street
Danvers, MA  01923

CLEAVER BROOKS, INC.
11950 West Lake Park Drive
Milwaukee, WI  53244

COPES VULCAN
5620 West Road
McKean, PA  16426

CRANE CO.
100 First Stamford Place
Stamford, CT  06902

CROUSE-HINDS
n/k/a Cooper Crouse-Hinds
P.O. Box 4999
Syracuse, NY  13221

CROWN CORK AND SEAL CO., INC.
(Successor to Mundet Cork Company)
One Crown Way
Philadelphia, PA  19154-4599

DAL-TILE
7834 C.F. Hawn Freeway
Dallas, TX  75217

DENISON INTERNATIONAL
14249 Industrial Park
Marysville, OH  43040

DOVER CORPORATION
280 Park Avenue
New York, NY  10017

EDWARDS VALVE
k/n/a Flowserve
5215 N. O'Connor Blvd., Suite 2300
Irvin, TX  75039

ELLIOT GROUP U.S. HEADQUARTERS
a/k/a Elliot Turbines
901 N. Fourth Street
Jeannette, PA  15644

FOSTER-WHEELER LLC
Perryville Corporate Park
Route 78 at Frontage
P.O. Box 4000
Clinton, NJ  08009-4000

GARDNER-DENVER-JOY
COMPRESSORS
Attn:  Marec Edgard
1500 Liberty Ridge Drive, Suite 3000
Chesterbrook, PA  19087

GLASGOW, INC.
104 Willow Grove Avenue
Glenside, PA  19038

GOODYEAR CANADA
450 Kipling Avenue
Toronto, ON Canada  M8Z5E7

GOODYEAR TIRE & RUBBER CO.
Corporation Service Co.
2711 Centerville Road, Suite 400
Wilmington, DE  19808

GREENE TWEED & COMPANY
Detweiler Road
Kulpsville, PA  1943

GUARD LINE, INC.
202 Loop 59 N.
P.O. Box 1030
Atlanta, TX  7551-1030

HAMPSHIRE INDUSTRIES
320 We. 24th
Baltimore, MD  21211

HARNISCHFEGER CORP.
c/o CT Corp.
1209 Orange Street
Wilmington, DE  19801

HENKLES AND McCOY, INC.
985 Jolly Road
Blue Bell, PA  19422

HOMASOTE
932 Lower Ferry Road
Trenton, NJ  08628

INGERSOLL-RAND COMPANY
c/o CT Corporation Systems
116 Pine Street, Suite 320
Harrisburg, PA  17101

INSUL CORPORATION
c/o Joni Mangino
Zimmer & Kunz, P.C.
3300 USX Tower
Pittsburgh, PA  15219

J.A. SEXAUER
570 Taxter Road, Suite 230
Elmsford, NY  10523

J.J. WHITE, INC.
5500 Bingham Street
Philadelphia, PA  19120

JAMES D. MORRISSEY, INC.,
Attn:  Roy C. Aguero
9119 Frankford Avenue
Philadelphia, PA  19114-2854

METROPOLITAN LIFE INS. CO.
27 - 01 Queens Plaza North
Long Island City, NY  11101

MINNESOTA MINING &
MANUFACTURING
3M Center
St. Paul, MN  55144

NOSROC CORPORATION
c/o CT Corporation Systems
116 Pine Street, Suite 320
Harrisburg, PA  17101

OWENS-ILLINOIS, INC.
Attn: A/P Dept., Plaza One
One Michael Owens Way
Perrysburg, OH  43551

PECORA CORPORATION
165 Wambold Road
Harleysville, PA  19438

RAPID-AMERICAN CORPORATION
Prentice Hall Corporation System
2711 Centerville Road, Suite 400
Wilmington, DE  19808

RILEY STOKER CORPORATION
N. 9 Neponset Street
Worcester, MA  01606

SEPCO CORPORATION
c/o CT Corporation Systems
350 N. St. Paul Street
Dallas, TX  75201

UNITED CONVEYOR CORPORATION
2100 Norman Drive West
Waukegan, IL  60085

UNIVERSAL REFRACTORIES
Division of Theim Corp.
c/o Three Rivers Management
1910 Cochran Road
Pittsburgh, PA  15220

WARREN PUMPS
c/o Corporation Service Company

2711 Centerville Road, Suite 400
Wilmington, DE  19808

WEL McLAIN, a Division of The Marley
Company, A Wholly Owned Subsidiary of
United Dominion Industries, Inc.
500 Blaine Street
Michigan City, IN  46360

YARWAY CORP.
f/k/a Yarnall-Waring Company
c/o CT Corporation Systems
116 Pine Street, Suite 320
Harrisburg, PA  17101

ZURN INDISTRIES, LLC
c/o CT Corp.
116 Pine Street, #320
Harrisburg, PA  17101

                    Defendants.

## NOTICE OF REMOVAL BY DEFENDANTS
## CBS CORPORATION AND GENERAL ELECTRIC COMPANY

Defendants, CBS Corporation, successor by merger to Westinghouse Electrical

Corporation ("Westinghouse"), and General Electric Company ("General Electric" or "GE"),

hereby file this Notice of Removal of the above-styled state civil action, removing said matter to

this Court pursuant to 28 U.S.C. § 1442.

      1.     Plaintiffs, John B. DeVries and Roberta G. DeVries, filed this action in state court

on or about December 28, 2012 at *DeVries v. CBS, GE, et al.,* Court of Common Pleas,

Philadelphia, Pennsylvania, December Term 2012, Civ. Ac. No. 3661.   Ex. A  (Complaint).

      2.     However, that Complaint, Ex. A, failed to trigger removal. It lacked the requisite

"substantial degree of specificity" with respect any alleged exposure of Mr. DeVries to asbestos

dust allegedly shed by any product of defendant GE, or of defendant Westinghouse, supplied under federal officer control. *See, e.g., Barnes v. General Electric Co,* 2011 WL 925414 (E.D. Pa. Mar. 16, 2011) (Robreno, J.) (upholding removal, and addressing timing for removal of Navy asbestos case); *Sheppard v. GE, et al.,* E.D. Pa. Civ. Ac. No. 11-04408, Order Apr. 10, 2012, Doc. No. 11 (Robreno, J.) (same).   For instance, that Complaint  (Ex. A), listed various public and private worksites from 1957 to 2012, including the U.S. Navy, *USS Turner*, for the years 1957 to 1960; stated the plaintiff was "exposed to asbestos products" at the worksites "listed," and that such asbestos products "included" "turbines."   But the Complaint failed to connect any particular product to any worksite, public or private; failed to connect any particular product to any particular defendant; and further failed to state whether any alleged turbines were land or marine based, or where or when, during public or private employment, plaintiff allegedly encountered them. Ex A, at ¶¶ 6, 11, *passim.*

   3.      On January 10, 2013, Plaintiffs served Answers to Interrogatories.  Ex. B.

   4.      However, those Answers to Interrogatories, Ex. B, failed to trigger removal.  They lacked the requisite "substantial degree of specificity" with respect any alleged exposure of Mr. DeVries to asbestos dust allegedly shed by any product of defendant GE, or of defendant Westinghouse, supplied under federal officer control. *See, e.g., Barnes, supra; Sheppard, supra.* For instance, those Interrogatory Answers, again listed various public and private worksites from 1957 to 2012, including the U.S. Navy, *USS Turner*, for the years 1957 to 1960, as a main propulsion assistant; and stated the alleged products of "CBS Corporation, formerly Westinghouse Electric Corporation - gaskets, cement, cloth, pipecovering, turbines, micarta, electrical products," and as to "General Electric Company – electrical products."   But, these Answers to Interrogatories failed to connect any particular product to any worksite, public or

private; failed to connect any particular product, beyond broad categories, to any particular defendant; and further failed to state whether any alleged turbines were land or marine based, or where or when, during public or private employment, or otherwise, plaintiff allegedly encountered them. Ex B, *passim.*

5. On January 14, 2013, the day before plaintiff's deposition, plaintiff's counsel served certain U.S. Navy documents regarding the *USS Turner*, dated 1945, Ex. C, and 1957, Ex. D. These documents failed to connect plaintiff, Mr. DeVries, to any particular product or equipment. However, the first of these two documents, from the U.S. Navy Supervisor of Shipbuilding, 1945, as to the *USS Turner* DD 834, stated, inter alia, that, "the machinery of the subject vessel including engines, boilers, appurtenances, and spare parts, is strong and well-built and in strict accordance with drawings, specifications, and duly authorized changes therein, except for those listed on the work list (cards) furnished the Board." Ex. C. These documents recited that the equipment of the USS Turner in 1945 and 1957 included various "main propulsion turbines" and other equipment from General Electric, and drive "turbines" and "forced draft blowers" from Westinghouse. Exs. C and D.

6. On January 15, 2013, plaintiff, Mr. DeVries, gave deposition. Ex. E. He stated, inter alia, that during his service in the US Navy, as a Naval officer, on the USS Turner, from 1957 to 1960, he was at time in the engineering spaces, including the engine rooms or fire rooms, when work disturbed insulation placed on or associated with the main propulsion turbines, which he believed were from General Electric, and the forced draft blowers, which he said were from Westinghouse, and that such work exposed him to dust, which he believed, to have contained asbestos. Ex. E, at 78-81, passim.

7.      On this record, without conceding the adequacy of this record or testimony as to either removing defendant, it appears plaintiff has submitted writings alleging exposure to asbestos dust associated with insulation placed on equipment, including turbines, supplied by removing defendants to the U.S. Navy under federal officer control for use on warships, including the *USS Turner* DDR 834.

8.      Procedurally, removal now is timely.   This removal is being filed within thirty days of the filing of plaintiff's state court Complaint, Ex. A, and less than thirty days after its service upon either defendant.  Moreover, under the principles of *Barnes, supra,* and *Sheppard, supra,* without prejudice, no writing purported specifically to connect Mr. DeVries with any specific product of removing defendant General Electric and/or Westinghouse on the U.S. Navy ship until plaintiff's deposition of January 15, 2013, only ten days ago.  Ex. E.   *See,* 28 U.S.C. Sec. 1446.

9.      Substantively, Plaintiff's claims  now arise from alleged acts or omissions of removing defendants, General Electric and/or Westinghouse, namely the supply of turbines and equipment to the US Navy for use on warships, such as the *USS Turner*, that were performed under the direction or control of a federal officer.  Consequently, defendants, General Electric and CBS Corporation, each have, inter alia, the defenses of a government contractor under direction or control of a federal officer, raising federal questions, and making this case removable to federal court under 28 U.S.C.  § 1442(a) and applicable law, as set forth further herein.  *See, e.g., Hagen v. Benjamin Foster Co.,* 739 F. Supp. 2d 770 (E.D. Pa. 2010) (Robreno, J.) (finding removal appropriate under Section 1442(a)(1) in asbestos case involving supply of equipment to US Navy when "defendant identifies facts which, in the light most favorable to the defendant, entitle him or her to a complete defense."); *see generally, Conner v. Alfa Laval, Inc., et al.,* 2012

WL 288364 (E.D. Pa. Feb. 1, 2012) (granting summary judgment in asbestos case to supplier of turbines to US Navy under maritime law, and summarizing federal government contractor and maritime law defenses in such as case).

10.     Accordingly, defendants, CBS Corporation and General Electric, each hereby remove this case.

### Federal Officer Removal is Appropriate under 28 U.S.C. §1442(a)

11.     A person, such as General Electric and/or CBS Corporation here, who acted under the authority, direction and control of an officer or agency of the United States with respect to claims stated against it, can state at least a colorable federal law-based "government contractor" defense to those claims, and is thus entitled to removal under 28 U.S.C. § 1442(a)(1).

12.     Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: (1) the defendant is a person who acted under the direction of a federal officer; (2) the defendant has asserted at least a colorable federal-law based defense to the plaintiff's claims; and (3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office. *Hagen v. Benjamin Foster Co.,* 739 F. Supp. 2d 770 (E.D. Pa. 2010) (Robreno, J.).

13.     A corporation such as GE and/or CBS is a "person" within the meaning of this statute. *See, e.g., Isaacson v. Dow Chem. Co.,* 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied,* 526 U.S. 1034 (1999).

14.     GE and CBS Corporation each have and hereby assert a federal defense to these actions, specifically, government contractor immunity from liability for injuries arising from exposure to asbestos from marine turbines or related equipment manufactured under contract

with the U.S. Navy, including for the Navy ships named, insofar as GE and/or Westinghouse constructed or repaired them in accordance with Navy specifications and under strict control or supervision of the U.S. Navy. *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); *accord, Faddish v. Gen. Elec. Co.,* MDL 875, 2010 WL 4146108 (E.D. Pa. Oct. 20, 2010). The government contractor defense exists when, as here: (1) the United States approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the contractor warned the government about any dangers known to the contractor but not to the government. *Boyle, supra.* The U.S. government provided GE and/or Westinghouse with precise specifications regarding its marine steam turbines and GE and/or Westinghouse delivered turbines that conformed to those specifications. The U.S. Navy, as one of the world's leaders in industrial hygiene, state-of-the-art at the time, would have possessed information equal to or superior to its equipment suppliers such as GE and/or Westinghouse. Consequently, GE and CBS Corporation each have more than a colorable claim that it is entitled to immunity from state tort law under the federal government contractor defense. *See Boyle*, 487 U.S. at 512.

15.     The marine steam turbines or generators that GE and/or Westinghouse manufactured under contract with the U.S. Navy for installation in U.S. Navy vessels were manufactured to Navy specifications and were subject to strict Navy control and supervision over all aspects of the turbines' design and manufacture, including, without limitation, the presence of asbestos in such turbines and the existence of any warnings affixed to or issued in connection with the turbines. These facts are established, and have been established by numerous affidavits and military specifications, and removing defendant reserves the right to submit and supplement the record with such specifications, if needed. *See, e.g., Hagen v. Benjamin Foster Co.,* 739 F. Supp. 2d 770 (E.D. Pa. 2010) (Robreno, J.) (noting affidavits, *inter*

*alia,* of Hobson, Lehman, Betts); *Faddish v. Gen. Elec. Co.,* MDL 875, 2010 WL 4146108 (E.D. Pa. Oct. 20, 2010) (Robreno, J.) (same, and reciting detailed military specifications and federal officer control of marine turbines supplied for U.S. Navy ships).

16.    As shown, in constructing these marine steam turbines and/or related equipment for the Navy, GE and Westinghouse each acted under the direction of a federal officer.  GE and Westinghouse each manufactured and designed the marine steam turbines and/or related equipment at issue according to precise, detailed specifications promulgated by Navy Sea Systems Command.   Moreover, an Inspector of Naval Machinery, who had offices on the premises of GE's and Westinghouse's plants, personally oversaw the manufacturing process and enforced compliance with the Navy design specifications.   Further, the turbines and/or related equipment were subject to various tests and trials supervised by the Navy before they were approved for use on military vessels.   In sum, virtually no aspect of the design and manufacture of the marine steam turbines and/or related equipment at issue escaped the close control of the U.S. Navy and its officers.

17.    General Electric and CBS Corporation each respectfully reserve and request an opportunity to respond more fully in writing to any motion for remand in this case, but offers this statement and citations to authority to satisfy its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

18.    This Court and numerous federal district courts have held in light of facts as here present that GE, CBS Corporation, or other entities supplying marine turbines for U.S. Navy ships that allegedly contained asbestos were "acting under a federal officer" in relation to the design, manufacture and supply of such turbines and/or related equipment for use aboard United

States military vessels. *Hagen v. Benjamin Foster Co.,* 739 F. Supp. 2d 770 (E.D. Pa. 2010) (Robreno, J.)

19.     It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office. *Id.*

20.     Defendant, GE, acted under federal officer control in supplying turbines and other equipment in issue to the U.S. Navy for use on warships, and has a colorable federal government-contractor defense.

21.     Defendant, Westinghouse, acted under federal officer control in supplying the turbines and equipment in issue to the U.S. Navy for use on warships, and has a colorable federal government-contractor defense.

22.     Detailed military and government specifications controlled the relevant aspects of design and manufacture, including the use of asbestos and any related warnings, labels, or instructions, and thus demonstrated the existence of federal officer control and the existence of a colorable government-contractor defense.

23.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1*). Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

24.     Any language of disclaimer in Plaintiffs' Complaint has no effect upon General Electric's or CBS' right to remove this case,  nor upon the propriety of this removal, or the existence of federal jurisdiction in this Court over this case.   Because removals, as here, pursuant to the federal officer removal statute are premised on the existence of a federal defense, rather than a plaintiff's artfully constructed complaint, neither plaintiff's disclaimer nor plaintiff's characterization of claims is determinative.  *Machnik v. Buffalo Pumps*, 506 F. Supp.2d 99, 101 (D. Conn. 2007) ("the statute providing for removal of any civil action against the United States or an agency or officer thereof creates an exception to the well-pleaded Complaint rule; even if a plaintiff's Complaint does not on its own raise a federal question, federal jurisdiction is proper where a defendant establishes the statutory requirements"); *accord, Oberstar v. CBS Corp.*, 08-cv-118PA (C.D. Cal. Feb. 11, 2008) (federal officer removal statute premised on a federal defense, thus plaintiff's disclaimer not determinative); *Reaser v. Allis-Chalmers Corp.*, 08-cv-1296 (C.D. Cal. June 23, 2008); *Carroll v. Buffalo Pumps*, 08-cv-707 (D. Conn. Oct. 27, 2008).

25.     General Electric or CBS has no duty to notify in advance, nor obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442 (a)(1).   *See, e.g., Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962); *Seigfried v. Allegheny Ludlum Corp.*, 2009 WL 1035001 at *7 (W.D. Pa. Apr. 17, 2009).

26.     General Electric and CBS Corporation have attached those documents required by 28 U.S.C. 21 § 1446(a) and/or the local rules of the Philadelphia County Court of Common Pleas.

## CONCLUSION

27.     Consequently, removal of this action is proper under 28 U.S.C. § 1442 because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because GE and Westinghouse were acting under an officer or agency of the United States in relation to the claims stated against it and can state at least a colorable federal law-based defense to said claims.

WHEREFORE, defendants, General Electric Company and CBS Corporation, successor by merger to Westinghouse Electrical Corporation, each pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action from the Philadelphia County Court of Common Pleas on this 25th day of January 2013.

Respectfully submitted,

Dated:  January 25, 2013

  /s/   John P. McShea
John P. McShea
Conrad O. Kattner
McSHEA LAW FIRM, P.C.
Three Logan Square - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800


*Attorneys for Defendants,*
*General Electric Company,*
*and CBS Corporation*

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN B. DeVRIES and ROBERTA G. DeVRIES, h/w,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC CORP., *et al.*<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>MDL 875<br><br>Asbestos Case<br><br>Hon. Eduardo C. Robreno<br><br>**NOTICE OF REMOVAL** |

### CERTIFICATE OF NOTICE OF FILING

The undersigned, attorneys of record for General Electric Company and CBS Corporation, certifies that on the date below, a copy of the Notice of Removal of this action was filed with the Clerk of the United States District Court of Pennsylvania, Eastern District, and that written notice of filing of the Notice of Removal was mailed to the party named above as plaintiff in this action or to their attorneys of record.  Attached to the notices were copies of the Notice of Removal.  Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1446.

Respectfully submitted,

 /s/  John P. McShea
John P. McShea
Conrad O. Kattner
McSHEA LAW FIRM, P.C.
Three Logan Square - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800

*Attorneys for Defendants, CBS
Corporation and General Electric Company*

Dated:   January 25, 2013

# EXHIBIT A

**Plaintiffs' Answers to Interrogatories, served December 28, 2012**

PAUL, REICH & MYERS, P.C.
Firm No. 99997
By: Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA  19103
(215) 735-9200

THIS IS NOT AN ARBITRATION
MATTER *Filed and Attested by*
ASSESSMENT OF DAMAGES
HEARING NOT REQUIRED
JURY TRIAL DEMANDED

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY
## TRIAL DIVISION: CIVIL SECTION

JOHN B. DeVRIES and
ROBERTA G. DeVRIES, h/w
4506 Briar Hill West
Lafayette Hill, PA  19444

vs.

ALLEN-BRADLEY COMPANY ()
8040 Excelsior Drive, Suite 200
MADISON, WI USA  53717
        (continued...)

: DECEMBER TERM, 2012
:
:
:
:
:
: NO.
:
:
:
: ASBESTOS CASE

### COMPLAINT – CIVIL ACTION
### 2090 ASBESTOS

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-1701

**AVISO**

Le han demandado a usted en la corta. Si usted quiere defenderse de estas demandas expuestas en las p ginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomar  medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Adem s, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELFONO  A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
SERVICIO DE REFERENCIA E INFORMACIÓN
ONE READING CENTER
FILADELFIA, PENNSYLVANIA 19107
TELÉFONO: (215) 238-1701

Case ID: 121203661

ALLEN-SHERMAN-HOFF ()
457 Creamery Way
EXTON, PA   19341

AMTICO ()
Division of American Biltrite
57 River Street
WELLSLEY HILLS, MA   02181

AURORA PUMP ()
c/o Lynette Jones
13515 Ballantyne Corporate Place
CHARLOTTE, NC   28277

AZROCK INDUSTRIES, INC. (11126)
CT CORPORATION SYSTEMS
Corporation Trust Center
1209 ORANGE STREET
WILMINGTON, DE   19801

BAYER CROPSCIENCE INC., as successor to (229)
Amchem Products,Inc.
2 TW Alexaneer Drive
Research Triangle Park, NC   27709

BEAZER EAST (f/k/a Koppers) (440)
c/o Three Rivers Management
Manor Oak One, Suite 200
1910 Cochrane Road
PITTSBURGH, PA   15220

BELL & GOSSETT/DOMESTIC PUMP ()
8200 N. Austin Avenue
Morton Grove, IL   60053

BF GOODRICH COMPANY ()
2730 W. Tyvola Road
CHARLOTTE, NC   28217-4543

BRYANT HEATING AND COOLING ()
7310 W. Morris Street
Indianapolis, IN   46231

BUFFALO PUMPS, INC. ()
874 Oliver Street
North Tonawanda, NY   14120

BW/IP Inc. ()
c/o FLOW SERVICE CORPORATION
5215 N. O'Connor Blvd, Suite 2300
IRVING, TX   75039

Brand Insulation, Inc. (057)
c/o CT Corp System
116 Pine Street
suite 320
HARRISBURG, PA   17101

Case ID: 121203661

Burnham LLC ()
1239 Harrisburg Pike
LANCASTER, PA  17604

CBS Corporation, formerly Westinghouse Electric Corporation ()
c/o Prentice Hall
80 State Street
ALBANY, NY  12207

CERTAIN-TEED CORPORATION (090)
750 E. Swedesford Road
VALLEY FORGE, PA  19481

CHICAGO DRYER ()
2200 N. PULASKI ROAD
CHICAGO , IL  60639

CLARK CONTROLLER CO. (396)
c/o GTE Products Corporation
100 Endicott Street
Danvers, MA  01923

CLEAVER-BROOKS, INC. (155)
A Division of Aqua-Chem, Inc.
3707 North Richards
P O Box 421
MILWAUKEE, WI  53201

COPES VULCAN ()
5620 West Road
MCKEAN , PA  16426

CRANE CO. (11752)
100 First Stamford Place
Stamford, CT  06902

CROUSE-HINDS (0471)
n/k/a Cooper Crouse-Hinds
P.O. Box 4999
SYRACUSE, NY  13221

CROWN CORK AND SEAL COMPANY, INC.
(Successor to Mundet Cork Company)
One Crown Way
Philadelphia, PA  19154-4599

DAL-TILE ()
7834 C.F. HAWN FREEWAY
DALLAS, TX  75217

DENISON INTERNATIONAL ()
14249 Industrial Park
MARYSVILLE, OH  43040

DOVER CORPORATION ()
280 Park Avenue
New York, NY  10017

EDWARDS VALVE ()
k/n/a Flowserve
5215 N. O'Connor Blvd, suite 2300
IRVIN, TX   75039

Elliott Group U.S. Headquarters ()
a/k/a Elliott Turbines
901 N. Fourth Street
JEANNETTE, PA   15644

FOSTER WHEELER, LLC (131)
PO Box 4000
CLINTON, NJ   08809

GARDNER-DENVER-JOY COMPRESSORS ()
Attn:   Marec Edgar
1500 Liberty Ridge Drive, Suite 3000
CHESTERBROOK, PA   19087

GENERAL ELECTRIC COMPANY (064)
One River Road
SCHENECTADY, NY   12345

GLASGOW INC. ()
104 Willow Grove Avenue
GLENSIDE, PA   19038

GOODYEAR CANADA ()
450 Kipling Avenue
TORONTO, ON CANADA   M8Z5E7

GOODYEAR TIRE AND RUBBER CO. ()
CORPORATION SERVICE CO.
2711 Centerville Road, Suite 400
WILMINGTON, DE   19808

GREENE, TWEED & COMPANY (132)
Detweiler Road
Kulpsville, PA   19443

GUARD LINE, INC. ()
202 Loop 59 N.
P.O. Box 1030
ATLANTA, TX   75551-1030

HAMPSHIRE INDUSTRIES ()
320 W. 24TH
BALTIMORE, MD   21211

HARNISCHFEGER CORP. ()
c/o CT Corp
1209 Orange Street
WILMINGTON, DE   19801

HENKLES AND McCOY, INC. ()
985 Jolly Road
BLUE BELL, PA   19422

HOMASOTE ()
932 Lower Ferry Road
TRENTON, NJ   08628

INGERSOLL-RAND & CO. ()
Corporate Center
One Centennial Avenue
PISCATAWAY, NJ   08854

INSUL CORPORATION ()
c/o Joni Mangino
ZIMMER & KUNZ P.C.
3300 USX Tower
Pittsburgh, PA   15219

J.A. SEXAUER ()
570 Taxter Road
Suite 230
ELMSFORD, NY   10523

J.J. WHITE, INC. ()
5500 Bingham Street
PHILADELPHIA, PA   19120

JAMES D. MORRISSEY, INC. ()
Attn: Roy C. Aguero
9119 Frankford Avenue
Philadelphia, PA   19114-2854

METROPOLITAN LIFE INSURANCE CO. ()
27-01 Queens Plaza North
LONG ISLAND CITY, NY   11101

MINNESOTA MINING AND MANUFACTURING ()
3 M Center
ST. PAUL, MN   55144

NOSROC CORPORATION (029)
c/o CT Corporation Systems
116 Pine Street, Suite 320
HARRISBURG, PA   17101

OWENS-ILLINOIS, INC. (032)
ATTN: A/P DEPT., PLAZA ONE
One Michael Owens Way
PERRYSBURG, OH   43551

PECORA CORPORATION (429)
165 Wambold Road
Harleysville, PA   19438

RAPID-AMERICAN CORPORATION (458)
Prentice Hall Corporation System
2711 Centerville Road, Ste 400
WILMINGTON, DE   19808

RILEY STOKER CORPORATION (233)
No. 9 Neponset Street
WORCESTER, MA  01606

SEPCO CORPORATION ()
c/o CT Corporation Systems
350 N St. Paul Street
DALLAS, TX  75201

UNITED CONVEYOR CORPORATION ()
2100 Norman Drive West
WAUKEGAN, IL  60085

UNIVERSAL REFRACTORIES, DIVISION OF THEIM CORP. (7292)
c/o Three Rivers Management
Manor Oak One, Suite 200
1910 Cochrane Road
PITTSBURGH, PA  15220

WARREN PUMPS ()
c/o Corporation Service Company
2711 Centerville Road, Suite 400
WILMINGTON, DE  19808

WEIL McLAIN, A Division of The Marley Company, A Wholly Owned
Subsidiary of United Dominion Industries, Inc. (163)
500 Blaine Street
MICHIGAN CITY, IN  46360

YARWAY ()
c/o CT Corporation Systems
116 Pine Street, Suite 320
HARRISBURG, PA  17101

Zurn Industries, LLC ()
c/o CT corp
116 Pine Street, #320
HARRISBURG, PA  17101

PAUL, REICH & MYERS, P.C.
Firm No. 99997
By:  Robert E. Paul, Esquire
Identification No. 21252
Attorney for Plaintiff
1608 Walnut Street, Suite 500
Philadelphia, PA  19103
(215) 735-9200

> **THIS IS NOT AN ARBITRATION MATTER. ASSESSMENT OF DAMAGES HEARING NOT REQUIRED. JURY TRIAL DEMANDED.**

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY
## TRIAL DIVISION: CIVIL SECTION

JOHN B. DeVRIES and
ROBERTA G. DeVRIES, h/w
4506 Briar Hill West
Lafayette Hill, PA  19444

  vs.

ALLEN-BRADLEY COMPANY (), et al.
8040 Excelsior Drive, Suite 200
MADISON, WI USA  53717

 : DECEMBER TERM, 2012
 :
 :
 :
 :
 : NO.
 :
 :
 :

> **COMPLAINT – CIVIL ACTION**
> **ASBESTOS**

  1. Plaintiffs, JOHN B. DEVRIES and Roberta G. DEVRIES, husband and wife, reside at 4506 Briar Hill West, LAFAYETTE HILL, Pennsylvania, and are citizens of the Commonwealth of Pennsylvania.

  2. Plaintiff, JOHN B. DEVRIES, was born on October 5, 1934, and his Social Security Number is 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.

  3. Plaintiff, JOHN B. DEVRIES's only dependent is his wife Roberta G. DeVries.

  4. Plaintiff, JOHN B. DEVRIES, is a lifetime non-smoker of cigarettes.

5.   Plaintiff's Social Security and IRS records will be furnished upon receipt.

6.   Plaintiff's work history is as follows:

(a)   From 06/01/57 to 06/01/60 - U.S. Navy (USS Turner) as a main propulsion assistant/engineer officer.

(b)   From 06/01/60 to 12/01/92 - Rohm & Haas Company (Phihladelphia, PA) as an engineer.

(c)   From 12/01/92 to 04/01/12 - Self-Employed as a p/t engineer consultant.

7.   Plaintiff was exposed to asbestos at all sites set forth supra.

8.   Plaintiff incorporates by reference against defendants all the allegations of the Complaints filed in Joan Nealy, Executrix of Harry Platt v. Abex Corporation, et al., Philadelphia C.P. May Term, 1985, No. 2678, Rafael and Cecilia Montero v. Abex Corporation, et al., Philadelphia C.P. July Term, 1986, No. 1216, and Richard and Suzanne Balbirer v. Abex Corporation, et al., Philadelphia C.P. July Term, 1986, No. 649, and in Anna Tedeschi, Administratrix of Cosmo Tedeschi v. Abex Corporation, et al., Philadelphia C.P. January Term, 1986, No. 1641, and in the Master Plaintiffs' Complaint filed and prepared pursuant to the Order establishing the Master Pleadings Procedure in the Court of Common Pleas as if fully set out herein.

9.   All allegations against defendants named in this lawsuit which were made in the Complaints filed in the lawsuits annotated in Paragraph 8 above or in the Master Complaint are incorporated by reference.

10.   The defendants are those companies listed in the caption.  The principal places of business and the states of

incorporation of each of the defendants are set out in the above-referenced filed master complaint or herein.

(a) Defendant, Allen-Bradley Company, is a Wisconsin corporation with its principal place of business at 1201 S. Second Street, Milwaukee, Wisconsin 53204. Allen-Bradley is the successor in interest to the Rostone Corporation or sole shareholder of its creature and alter ego Rostone Corporation. It is responsible for all injuries caused by Rostone or by the Rostone Division of Allen-Bradley or its predecessors. The various Rostone entities sold Rosite and other asbestos containing products to Westinghouse Electric and other entities. These asbestos products caused the injuries complained of herein.

(b) At all times defendant, Allen-Sherman-Hoff or it predecesors sold asbestos containing ash pumps, gaskets and cements to which the injured party was exposed and which caused the injuries complained of herein.

(c) Defendant, Amtico, Division of American Biltrite, is a Delaware Corporation with its principal place of business located at 57 River Street, Wellesley Hills, Massachusetts, 02181.

(d) At all times material defendant Aurora Pump or its predcessors in interest sold equipment or valves or both insulated with asbestos or designed to be insulated with asbestos.

(e) Defendant, Azrock Industries, is a Delaware corporation with its principal place of business located in San Antonio, Texas. At all times material to this action, Defendant, sold asbestos containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injuries complained of herein.

(f) Defendant, Beazer East, Inc. (f/k/a Koppers Industries, Koppers Company, Inc., and Koppers Company), is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material it sold asbestos containing roofing and other asbestos products to which Plaintiff was exposed and which caused his injury.

(g) At all times, material Bell & Gossett/Domestic Pump sold asbestos products which caused the injuries complained of herein.

(h) Defendant, BF Goodrich Company, is a New York corporation with its principal place of business located at 3925 Embassy Parkway, Akron, Ohio. At all times material it sold cement, gaskets and brake linings to which the injured person was exposed.

(i) At all times material Bryant sold asbestos containing equipment. The asbestos in the equipment caused the injuries herein.

(j) At all times Buffalo sold pumps and/or valves insulated with asbestos or designed to be insulated with asbestos. As a result of exposure to asbestos on Buffalo pumps the injured party suffered the injureis complained of herein.

(k) At all times material BW/IP Inc. is the successor in interest to Byron Jackson Pumps. At all times material Byron Jackson designed its pumps to contain asbestos. Exposure to asbestos on the Byron Jackson Pumps was a substantial contributing factor to the injuries complained of herein.

(l) Defendant, Brand Insulation, Inc., is an Illinois corporation with its principal place of business located at 3003 Renaissance, Park Ridge, Illinois. At all times material to this action Brand Insulation hired insulators who installed or ripped out

and removed asbestos in plaintiff's/decedent's vicinity which actions caused emission of asbestos dust which plaintiff/decedent inhaled. Brand Insulation is the successor in interest to other companies who performed these jobs.

(m) Burnham Holdings, Inc., is the parent company of the Burnham, which at all times material sold asbestos products or designed its products to contain asbestos. The asbestos on Burnham's products caused the injuries complained of herein.

(n) At all times material, Chicago sold laundry machinery designed and intended or reasonably expected to contain asbestos. Use of and exposure to asbestos on such products caused the injuries complained of herein.

(o) Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with a principal place of business located in Lebanon, Pennsylvania. At all times material hereto Cleaver-Brooks, Inc. sold boilers which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of defendant in selling that those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

(p) At all times material Copes sold equipment designed or intended to contain asbestos. Exposure to asbestos from the Copes product caused the injuries complained of herein.

(q) Crane Company is a Delaware Corporation with its principal place of business in Connecticut. It is the sucessor in interest to its former parent, Crane Company, an Illinois corporation, and liable for injuries due to exposure to the former

Illinois Crane's asbestos products. At all times material to this action, Crane's predecessor sold Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt and other asbestos pipe insulation. Exposure to the asbestos dust from these products caused the injuries complained of herein.

(r) Defendant, Crouse-Hinds, is a Texas corporation with its principal place of business located in Houston, Texas. Crouse-Hinds is a mere creature and alter ego or a predecessor in interest to Cooper Industries which is liable for any and all damages for injuries suffered from exposure to Crouse-Hinds products. Plaintiff/decedent used, handled or was exposed to Chico X asbestos fiber which was distributed or sold by Crouse-Hinds.

(s) Crown, Cork and Seal is the successor in interest to Mundet Cork and is liable for injuries caused by exposure to the asbestos products of Mundet.

(t) At all times material Dal-Tile and/or its predecessor in interest American Olean Tile manufactured tiles containing asbestiform tremolitic talc and who sold tile setting mortars after referred to as thin set mortars containing asbestos and asbestos board. Exposure to the asbestos in these products or attached to the tile caused the injuries complained of herein.

(u) At all times material Denison or its predecessors in interest sold pumps designed to be insulated with asbestos. Asbestos dust from these pumps caused the injuries at issue herein.

(v) At all times material Dover's predecessor Arnot performed carpentry and joiner work with asbestos in the vicinity of the injured person. Such exposure to asbestos caused the injuries at issue herein.

(w) At all times, Flowserve and its predecessors such as but not limited to Edwards Valve and Darling Valve sold or designed valves intended to contain asbestos, exposure to those valves and asbestos caused the injuries complained o herein.

(x)

(y) At all times material defendant Joy is the successor in interest to Joy Compressors. Exposure to asbestos on the Joy Compressors caused the injuries complained of herein.

(z) Glasgow Inc. is a Pennsylvania Corporation located at 104 willow Grove Avenue, Glenside, PA 19038. At all times, material Glasgow employees handled asbestos at Mercersburg Academy in buildings of the Academy. Exposure to the asbestos handled by Glasgow caused the injuries herein.

(aa)At all times materials Goodyear Canada made asbestos containing gaskets and packing. Exposure to such products caused the injuries complained of herein

(ab)Defendant, Goodyear Tire & Rubber Co., is a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business in Kentucky and is doing business in the Commonwealth of Pennsylvania. At all times material hereto, defendant, Goodyear Tire & Rubber Co., manufactured, produced and sold asbestos products either directly or indirectly, in the geographical area in which plaintiffs worked and/or to the employers of the plaintiffs, including, but not limited to, asbestos brake linings.

(ac)Defendant, Greene, Tweed & Company, is a Pennsylvania corporation with its principal place of business located at Detweiler Road, Kulpsville, Pennsylvania.

(ad) Guard Line sold asbestos gloves, sleeves, aprons and other asbestos textile products and respirators. Exposure to these products caused the injuries herein.

(ae) At all times, Hampshire its predecessors and subsidiaries and creatures and meme alter egos had a contracting offices in Philadelphia and/or Frazer, PA and other locations which installed and removed spray platers and other asbestos products in the vicinity of the injured person. Exposure to asbestos installed or removed by Hampshire or its predecessors caused the injuries complained of herein.

(af) At all times material, Harnischfeger Corp sold asbestos containing products to which caused the injuries complained of herein.√

(ag) At all times material Henkels and McCoy employees installed and removed asbestos in the vicinity of the injured person. Exposure to the asbestos of Henkels and McCoy employees caused the injuries complained of herein.

(ah) At all times material hereto defendant Homasote sold asbestos containing Gypsum board either as an intended consistent or as a component in the vermiculite or Gypsum used in the manufacturers of its Gypsum board.

(ai) At all times material Ingersoll Rand sold products insulated with asbestos.

(aj) Defendant, Insul Corporation is an Ohio corporation with its principal place of business in Ohio. At all times material, it sold asbestos-containing products including but not limited to hot tops which caused the injuries complained of herein.

(ak) Defendant, Sexauer J.A. Manufacturing Company is a California corporation with its principal place of business located at 105 Mayo Avenue, Vallejo, California. At all times material to this action it sold asbestos-containing products to which plaintiff or decedent was exposed. This exposure was a substantial contributing factor to the injury complained of herein.

(al) At all times material to this action defendant J.H. White hired boilermakers, pipefitters and other tradesmen who installed and otherwise removed or distributed asbestos in the vicinity of plaintiff or injured person causing the injuries complained of herein.

(am) At all times material to this action, defendant James D. Morrison hired boilermakers, pipefitters and other tradesmen who installed and otherwise removed or disturbed asbestos in the vicinity of plaintiff or injured person causing the injuries complained of herein.

(an) At all times material Metropolitan Life Insurance Company conspired with others to prevent dissemination of knowledge of the possible hazards of asbestos.

(ao) At all times material defendant Minnesota Mining and Manufacturing sold asbestos products which caused the injuries complained of herein including arc proofing tape and also sold defective respirators which did not prevent the injuries herein. It is also sued as a supplier of asbestos-containing body filler and other products for automobiles.

(ap) Defendant, Pecora Corporation, is a Pennsylvania corporation with its principal place of business located at 165 Wambold Road, Harleysville, Pennsylvania. Pecora Corporation at all times material hereto, manufactured, supplied, distributed and/or

produced any and all of the asbestos-containing products to which the plaintiff/decedent was exposed through his employment including, but not limited to, Red Devil Furnace Cement, sealings and other products.

(aq) Rapid American is a Delaware corporation with its principal place of business in New York. It is the successor in interest to Philip Carey and Carey-Canada and is liable for injuries due to the defective asbestos products of Carey and for Carey's negligence in the sale of such asbestos products. Furthermore, No. 100 Asbestos Cement (hard finish), No. 303 Asbestos Cement, MW-50 Cement, No 707 Insulating Cement, Thermotex-B Insulating Cement, and other asbestos products, including, but not limited

(ar) At all times, Sepco Corporation, sold asbestos products which caused the injuries complained of herein.

(as) At all times material to this action defendant United Conveyor Corporation sold asbestos containing NUVA Seal cement and Quick Setting cement to which the injured person was exposed and which caused the injuries complained of herein. In addition, defendant installed and repaired its ash handling system in the presence of the injured person. In those operations asbestos dust was released which caused the injuries complained of herein.

(at) Defendant, Universal Refractories, is a Pennsylvania corporation with its principal place of business in Pennsylvania. At all times material, it sold asbestos-containing products including but not limited to hot tops which caused the injuries complained of herein.

(au) At all times material defendant Warren Pump and/or its predecessors in interest such as Quinley sold equipment

or valves or both insulated with asbestos or designed to be insulated with asbestos.

(av) At all times, material Yarway sold asbestos products such as gaskets and packing, which caused the injuries complained of herein.

(aw) at all times material Zurn and its predecessor Erie City Iron works sold boilers insulated with asbestos which caused the injuries complained of herein. iron works

11. During the course of his employment at the worksites noted in Paragraph 6 supra, plaintiff believes and therefore avers that he was exposed to asbestos fiber or asbestos products manufactured, sold, distributed, or otherwise placed into the stream of commerce by the defendants. The term asbestos products as used herein includes asbestos-containing products such as boilers and engines and furnaces and turbines. The term asbestos-containing as used herein means products sold with asbestos or products whose designers, manufacturers and fabricators knew, should or could have known that it would be insulated or could be insulated with asbestos.

12. Plaintiff does not now know whether or not he was exposed to asbestos products at worksites other than those enumerated in Paragraph 6 above, but he reserves his right to assert at trial that he was so exposed at the other sites, should such evidence develop. Plaintiff avers that should such evidence develop, he will promptly notify defendants well in advance of trial.

13. Plaintiff, John B. DeVries, was diagnosed as having contracted Lung Cancer as a result of his asbestos exposure by Dr. R.T. Goldhahn, Jr., M.D. on or about June 11, 2012 and such

diagnosis was accompanied by discernible or ascertainable physical symptoms and/or functional impairment and/or other detrimental effects as a result of the exposure to asbestos.   Plaintiff has developed symptoms due to his asbestos inhalations and injuries.

14. Plaintiffs plead for all of the items of damages set forth in the Complaints filed in the cases of Rafael Montero and Richard Balbirer and in the Master Complaint for all asbestos cases in the Court of Common Pleas which Complaints are referenced in Paragraph 8 of this Complaint.

**WHEREFORE**, plaintiffs demand of defendants a sum in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs for compensatory damages, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

PAUL, REICH & MYERS P.C., P.C.

BY: _____

ROBERT E. PAUL

VERIFICATION

I hereby certify that I am a Plaintiff in the instant matter and the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

# EXHIBIT B

**Plaintiffs' Answers to Interrogatories, served January 10, 2013**

PAUL, REICH & MYERS, P.C.
By:  Robert E. Paul, Esquire
Identification No. 21252
1608 Walnut Street, Suite 500      Attorney for Plaintiffs
Philadelphia, PA  19103
(215) 735-9200

---

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
CIVIL SECTION:  TRIAL DIVISION

---

| | | |
|---|---|---|
| JOHN B. DeVRIES and<br>ROBERTA G. DeVRIES, h/w | : | DECEMBER TERM,  2012 |
| | : | |
| v. | : | NO. 3661 |
| | : | |
| ALLEN-BRADLEY COMPANY, et al | : | <u>ASBESTOS CASE</u> |

---

### PLAINTIFFS' ANSWERS TO DEFENDANTS'
### GENERAL INTERROGATORIES - SET 1

<u>NAME, DATE OF BIRTH, SOCIAL SECURITY NUMBER</u>

     1. Please state your full name, including aliases or nicknames; date of birth; social security number and current address.

**John B. DeVries; October 05, 1934; 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; and 4506 Briar Hill West, Lafayette Hill, PA 19444.**

<u>LEGAL REPRESENTATIVE</u>

     2. If the person answering these interrogatories is the representative of the deceased claimant, set forth the name of the person responding to these interrogatories; the legal capacity in which that person is responding; the date and place of the decedent's death; the decedent's cause of death; and whether or not you contend that the decedent's death was related to asbestos exposure.

**Not Applicable.**

<u>RELATED LAWSUITS</u>

     3. Have you or your attorneys filed on behalf of any of the plaintiffs names herein, any related or companion lawsuits of legal actions in any court based upon any alleged asbestos-related condition?  If so, please list the caption and identifying number of any such suits.

No.

ADDRESSES

4. Please provide a chronological list of all addresses at which you have resided.  Please also provide the dates of residency at these addresses.

Plantiff recalls:
525 Kingsland Road, Nutley, NJ; 119 Squire Hill Road, Upper Montclair, NJ; U.S. Navy/Jacksonville, FL; 1369 Dennis Road, Southampton, PA; 140 Windsor Ave., Southampton, PA; 1260 Gravel Hill Road, Southampton, PA; 4506 Briar Hill West, Lafayette Hill, PA.

FAMILY & DATE OF BIRTH

5. State the names and dates of birth of your spouse and children, as applicable.

Plaintiff's wife, Roberta G. was born on August 19, 1935. They have 2 children: Robert J., born March 15, 1969; Peter W., born March 18, 1971.

DEPENDANTS

6. If any person, including those listed in No. 5 above, is partially or totally financially dependent upon you, state his or her name, date of birth, current address, relationship to you, and the amount of support given during the last five (5) years.

Plaintiff's wife.

OCCUPATION

7. Set forth your current occupation and employer.

Part-Time consultant in technical and commercial development and sales agent.

WORK EXPERIENCE

8. Please provide a complete chronological history of work experience, to include: the name and address of each employer and worksite; your job title and the dates of employment; and, whether you were exposed to asbestos at the job or worksite listed, and the period of time for each exposure alleged.

From 06/01/57 to 06/01/60 - U.S. Navy (USS Turner) as a main propulsion assistant/engineer officer. From 06/01/60 to 12/01/92 - Rohm & Haas Company (Philadelphia, PA) as an engineer. From 12/01/92 to 04/01/12 - Self-Employed as a p/t consultant.

PRODUCTS TO WHICH EXPOSED

     38. List, by type, brand and/or trade name, and manufacturer, every asbestos-containing product to which you believe you were exposed.

Plaintiff believes he was exposed to the asbestos containing products of the following unsettled and non-bankrupt defendants:

Phila. C.P. 1212-3661 DEC TERM, 2012
ALLEN-BRADLEY COMPANY - Rosite;
ALLEN-SHERMAN-HOFF - asbestos-containing ash pumps, gaskets and cements;
AMTICO - tile;
AURORA PUMP - pumps containing asbestos;
AZROCK INDUSTRIES, INC. - tile;
BAYER CROPSCIENCE INC., as successor to Amchem Products,Inc. - Foster Mastic & C.I. Mastic;

BEAZER EAST (f/k/a Koppers) - Koppers asbestos products, roofing products;
BELL & GOSSETT/DOMESTIC PUMP - pumps containing asbestos;
BF GOODRICH COMPANY - brake linings and other friction products, gaskets, plastics and cements;
BRYANT HEATING AND COOLING - equipment containing asbestos;
BUFFALO PUMPS, INC. - pumps containing asbestos;
BW/IP Inc. - Byron Jackson pumps containing asbestos;
Brand Insulation, Inc. - Philip Carey and other insulation products;
Burnham LLC - boilers;
CBS Corporation, formerly Westinghouse Electric Corporation - gaskets, cement, cloth, pipecovering, turbines, micarta, electrical products;
CERTAIN-TEED CORPORATION - Gustin Bacon ultra lite paper, tile, shingles cement and board;
CHICAGO DRYER - sold laundry machinery;
CLARK CONTROLLER CO. - electrical products and friction products;
CLEAVER-BROOKS, INC. - boilers;
COPES VULCAN - equipment containing asbestos;
CRANE CO. - Cranite sheet packing, packing for valves, braided asbestos, wick and rope packing, asbestocel, 85% magnesia, wool felt and other asbestos pipe insulation;
CROUSE-HINDS - electrical products, Chico X, tape, gaskets, packing and cement;
CROWN CORK AND SEAL COMPANY, INC. (Successor to Mundet Cork Company) - Mundet products;
DAL-TILE - tiles containing asbestiform tremolitic talc and tile setting mortars;
DENISON INTERNATIONAL - pumps;
DOVER CORPORATION - predecessor, Arnot, performed carpentry and joiner work with asbestos;
EDWARDS VALVE - valves containing asbestos;
FOSTER WHEELER, LLC - boilers and cement;
GARDNER-DENVER-JOY COMPRESSORS - asbestos on Joy Compressors;
GENERAL ELECTRIC COMPANY - electrical products;
GLASGOW INC. - employees handled asbestos;
GOODYEAR CANADA - gaskets and packing;
GOODYEAR TIRE AND RUBBER CO. - gaskets and brake linings;
GREENE, TWEED & COMPANY - gaskets;
GUARD LINE, INC. - asbestos gloves, sleeves, aprons and other asbestos textile products;
HAMPSHIRE INDUSTRIES - installed and/or removed spray platers and other asbestos products;
Continued____

HARNISCHFEGER CORP. - brake linings;
HENKLES AND McCOY, INC. - employees installed and removed asbestos;
HOMASOTE - Gypsum board;
INGERSOLL-RAND & CO. - products insulated with asbestos;
INSUL CORPORATION - hot tops and boards;
J.A. SEXAUER - packing;
J.J. WHITE, INC. - installed and/or removed asbestos;
JAMES D. MORRISSEY, INC.  - hired boilermakers, pipefitters and tradesmen, who installed and/or removed asbestos;
METROPOLITAN LIFE INSURANCE CO. - conspired with others to prevent dissemination of knowledge of the hazards of asbestos;
MINNESOTA MINING AND MANUFACTURING - Irvington Fire brand arc proofing tapes and blankets and defective respirators;
NOSROC CORPORATION - distributor of Keene and Keene's predecessor's products;
OWENS-ILLINOIS, INC. - Kaylo products;
PECORA CORPORATION - Red Devil furnace cement and sealant;
RAPID-AMERICAN CORPORATION - Carey asbestos products;
RILEY STOKER CORPORATION - cement, pipecovering, boilers;
SEPCO CORPORATION - gaskets, wovenstone, insutape, insubestos;
UNITED CONVEYOR CORPORATION - NUVA seal cement and quick setting cement;
UNIVERSAL REFRACTORIES, DIVISION OF THEIM CORP. - hot tops;
WARREN PUMPS - valves insulated with asbestos;
WEIL McLAIN - boilers and cement;
YARWAY - gaskets and packing;
Zurn Industries, LLC - boilers insulated with asbestos.


DATES OF EXPOSURE

        39. For each asbestos-containing product identified in the answer to the preceding interrogatory, set forth the places, circumstances, and dates of exposure.

See Answers to Interrogatory Nos. 8 & 38.


OTHER ASBESTOS EXPOSURE

        9. If this lawsuit is based upon any asbestos exposure other than that described in the preceding interrogatory, then set forth the nature, location and dates of said exposure.

Plaintiff does not believe so but reserves the right to assert at trial that he was exposed at other sites should such evidence develop.

RETIREMENT

　　　　10. If you are retired, please state the date of retirement, type of retirement, the employment retired from and the reason for your retirement.

Plaintiff retired from Rohm & Haas in December of 1992.

GROSS INCOME

　　　　11. During your last year of full-time employment, what was your gross income?

Social Security and IRS records are available through RecordTrak.

INJURIES CLAIMED

　　　　12. What are the injuries for which you are claiming compensation in this lawsuit?

See Plaintiff's Complaint and medical records.  In addition, pain, suffering, and risk of future harm.

DIAGNOSIS DATE AND DOCTOR

　　　　13. What is the name and address of the doctor who diagnosed these injuries, and what was the date of diagnosis?

R.T. Goldhahn, Jr., M.D., Abington Memorial Hospital, 1200 Old York Road, Abington, PA  19001 - 06-11-2012 Lung Cancer.

HOSPITALS

　　　　14. Please provide a complete list of the hospitals, institutions or other health-related facilities in which you have been confined, or in which you have received out-patient treatment, including: the name and address of the hospital, institution, or other health-related facility; the date of admission; the date of discharge; medical condition, illness or symptoms which were the basis for each hospitalization, institutionalization, or other treatment; diagnosis at discharge and, the full name and address of admitting physician or principal treatment physician.

Plaintiff has been treated by the following providers:
Andrew Haas, M.D., Abington Memorial Hospital, Joseph
McAlister, M.D., Jefferson Hospital/Rothman Clinic,
Methodist Hospital, Richard Friedenheim, M.D., Mark
Chernoff,  M.D., HUP/Perelman Center for Advanced Medicine,
Corey Langer, M.D., Shore Memorial Hospital, Michael
Rubenstein, M.D., Ahmed Soliman, M.D., Charles Pritchard,
M.D., Richard Schwab, M.D., Moody Kwock, M.D., Robert
Tokareck, M.D., Santa Barbara Cottage Hospital.


DOCTORS

        15. Please provide a complete list of medical
practitioners, including but not limited to physicians and
therapists, excluding those listed in No. 16 above, who have
rendered services to you, and as to each, state: full name and
present or last known address; the date(s) of examination,
treatment, or other care; and, the medical condition, illness or
symptoms which were the basis for each examination, treatment or
consultation.

See answer to Interrogatory No. 14.


TOBACCO USE

        16. If you have ever used tobacco products, state: the
type(s) of products you have used; the dates during which you
have used each type of tobacco product; and, the daily frequency
with which you have used each tobacco product (i.e., two packages
of cigarettes daily, three cigars daily, two pipefuls daily,
etc.).

Plaintiff, John B. DeVries, is a lifetime non-smoker of
cigarettes.


EVER FILED COMPENSATION CLAIM?

        17. State whether you have ever sought, filed for, or
received any of the following: Workmen's Compensation benefits;
sickness, accident or disability benefits provided by or through
an employer for non-employment related condition; Social Security
disability benefits; Veterans medical or disability benefits;
Union disability benefits; and any other disability benefits.


Not as to an asbestos related disease.  As to any other
claims, see Plaintiff's employment records available through
RecordTrak.

DETAILS OF COMPENSATION CLAIMS

18. For each affirmative response to Interragatory No. 17, please provide the following: a description of the benefits sought, filed for, or received; the identity of each person, firm, corporation or entity (including insurance companies or union) from which benefits were sought, filed for or received; claim number, account number or other identifying information; the date of request or claim for benefits; and the dates on which benefits where first received or denied.

**Plaintiff has been unable visit customers therefore his income is reduced.**

Please respond to the following additional interrogatories if friction companies are named as defendants in your laswsuit or if you allege exposure to friction materials:

PRODUCT IDENTIFICATION WITNESSES

40. For each seperate defendant to whose asbestos products you claim exposure, state the names, home addresses and business addresses of all individuals who have knowledge of that particular exposure.

**Plaintiff's co-workers include: To be supplied.**

DETAILS OF ASBESTOS EXPOSURE AT WORK

37. Set forth in detail the exact nature of your work that involved exposure to asbestos materials, including:

(a) the frequency of contact with asbestos materials;

(b) the frequency with which you worked near other persons who worked with asbestos materials; and

(c) the manner in which you performed your work.

**See answer to Interrogatory No. 8.**

Paul, Reich & Myers, P.C.

By: _Robert C. Paulson_

PAUL, REICH & MYERS, P.C.
By:  Robert E. Paul, Esquire
Identification No. 21252
1608 Walnut Street, Suite 500          Attorney for Plaintiffs
Philadelphia, PA  19103
(215) 735-9200

---

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
CIVIL SECTION:  TRIAL DIVISION

---

| | | |
|---|---|---|
| JOHN B. DeVRIES and | : | DECEMBER TERM,  2012 |
| ROBERTA G. DeVRIES, h/w | : | |
| | : | |
| v. | : | NO. 3661 |
| | : | |
| ALLEN-BRADLEY COMPANY, et al | : | <u>ASBESTOS CASE</u> |

---

## PLAINTIFF'S ANSWERS TO DEFENDANTS' GENERAL INTERROGATORIES - SET II

### BACKGROUND INFORMATION

### SUPPLEMENT SET I

117. Please provide supplemental responses to the Defendants' Interrogatories - Set I for any information that has changed since you answered them.

**Not Applicable.**

### EDUCATIONAL BACKGROUND

19. Describe your educational background, including

(a)    the names and addresses of all schools attended;

(b)    dates of attendance;

(c)    dates of graduation;

(d)    diplomas or degrees received

**Plaintiff graduated from Notley High School in New Jersey in 1952.  He attended Cornell University from 1952 until 1957 and received his Bachelor's (BCHE) in Chemical Engineering. He later attended Temple University for his MBA.**

ARMED FORCES

      20. Have you ever served in the Armed Forces of the United States? If so, state:

      (a)    branch of the service;

U.S. Navy;

      (b)    your serial number, initial rank, rank at discharge, and highest rank held;

558982; Ensign, Lieutenant JG;

      (c)    the dates of your service;

6/1/57 - 6/1/60;

      (d)    the type of discharge you received;

Honorable;

      (e)    whether you were given any physical examination which included x-rays;

Plaintiff believes he was examined upon entry and honorable discharge;

      (f)    whether you were injured while in the service and the nature of your injury or injuries;

No;

      (g)    whether you incurred any illness requiring hospitalization while in the service and the nature of that illness;

No;

      (h)    whether you claimed any disability for any injury, physical condition, or illness arising out of your military service; and if so, state the details of the claim, including the nature of the claim, the date the claim was made, when the claim was adjudcated, and the compensation, if any, which was awarded.

No.

<u>MARITAL STATUS</u>

      21. What is your present marital status?

**Married.**

<u>OTHER SPOUSES</u>

      22. Have you ever been married to anyone other than your present spouse?  If so, state:

    (a)    your former spouse's name and present address;

    (b)    the date of the marriage;

    (c)    how and when the marriage ended;

    (d)    whether you provide any support for the former spouse;

    (e)    whether the former spouse provides any support for you.

**Not applicable.**

<u>EVER SEPARATED FROM SPOUSE</u>

      23. Have you or your spouse ever lived apart from one another either under a legal separation agreement or under an informal arrangement?  If so,

    (a)    when;

    (b)    for how long;

    (c)    what was your address and your spouse's address during the separation?

**Not applicable.**

<u>SPOUSE'S EMPLOYMENT</u>

      24. Has your spouse ever been employed?  If so, state:

    (a)    the name and address of each employer;

    (b)    the dates of each employement;

    (c)    whether employment was or is full-time or part-time;

    (d)    the job title(s) and description(s);

(e)     the amount of the spouse's average weekly or monthly salary.

**Not applicable.**

PART-TIME EMPLOYMENT

25. Have you engaged in any part-time employment within the past five years in addition to your regular occupation?  If so, state:

(a)     each employer for whom you worked part-time;

(b)     the type of work performed;

(c)     the rate of pay;

(d)     the number of hours or days you were employed; and

(e)     whether you are currently employed.

**Yes.  See answer to Interrogatories No. 7 & 8 above.**

CLAIMS OF PAIN AND SUFFERING

26. Describe any pain or suffering for which you are claiming compensation in this lawsuit.

**Not applicable.**

CLAIMS OF DISABILITY

27. Describe the nature of any disability for which you are claiming compensation in the lawsuit.

**Not at the present time.**

DETAILS OF X-RAYS

28. If you have had chest x-rays taken, including x-rays taken at the request of your employer, state:

(a)     the names and addresses of the persons who took the x-rays;

(b)     the dates on which the x-rays were taken;

(c)     the charges you incurred for the x-rays and evaluations; and

(d)     if and when you were informed of the results of those x-rays.

See Plaintiff's medical records available through
RecordTrak.

OTHER RADIOGRAMS (C.T., TOMOGRAM, N.M.R., etc.)

116. If you have had tomographic films, computerized
tomographic (C.T.) films, gallium or other radioscopic tracing
films, perfusion and ventilation scans, nuclear magnetic
resonance (N.M.R.) films, or any other diagnostic imaging
modality taken state for each such modality used:

    (a)   the names and adresses of the person who performed
       the imaging;

    (b)   the dates on which the imaging was performed;

    (c)   the charges you incurred for the imaging and/or
       evaluations;

    (d)   the date you were informed of the results of the
       imaging; and

    (e)   the present location of such films and/or scans.

See Plaintiff's medical records available through
RecordTrak.

PULMONARY FUNCTION TESTS

29. Has any physician or other person conducted
pulmonary function tests on you, including pulmonary function
tests done at the request of your employer?  If so, who conducted
the tests and when and where were they conducted?  Please list
any cost you incurred for the tests.

See Plaintiff's medical records available through
RecordTrak.

DETAILS OF PRESENT MEDICAL CARE

30. Are you still under a physician's care for the
injuries which are the subject of this lawsuit?  If so, state:

    (a)   name(s) and address(es) of the treating physicians;

    (b)   the frequency of treatment; and

    (c)   the date you were last treated.

There is no cure or treatment for Plaintiff's
asbestos-caused lung cancer.  The best that he can hope for
is that the progression of the disease will be slow or
slowed down.

### CONFINED BECAUSE OF ASBESTOS DISEASE?

31. Have you ever been confined to a bed or confined to
your house because of the condition for which you instituted this
lawsuit?  If so, state the period of that confinement.

Plaintiff is not as mobile as he used to be.  He travels
mainly for his treatments.

### REGULAR PHYSICAL EXAMS?

32. Did you have annual or other regular physical
examinations?  If so, state the names and addresses of the
examining physicians, when and where they took place, whether you
or your employer requested these examinations, and whether you
were advised of the results.

Yes.  See Plaintiff's medical records available through
RecordTrak.

### FULLY RECOVERED?

33. If you have not fully recovered from the injuries
for which you are suing, state in what ways you have not fully
recovered.

See answer to Interrogatory No. 30.

### PRE-EXISTING CONDITIONS

34. Do you claim that exposure to asbestos has
aggravated a pre-existing condition?

    (a)    If so, had you recovered from the pre-existing
condition at the time of the exposure to the
asbestos materials?

    (b)    If you had recovered, what was the date of recovery?

No.

### FIRST SYMPTOMS

35. When were you first aware of any symptoms which you
now believe to be related to the injuries for which you are
suing?  What were those symptoms?

A short time prior to Plaintiff's diagnosis.

## SPECIFIC SHIPS OR BUILDINGS OF EXPOSURE

36. If you believe you were exposed to asbestos materials aboard specific ships or in certain buildings, identify the ships or buildings.

See answer to Interrogatory Nos. 8 and 38 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.

## NATURE OF CONTACT WITH ASBESTOS AT WORK

37. Set forth in detail the exact nature of your work that involved exposure to asbestos materials, including:

(a)     the frequency of contact with asbestos materials;

(b)     the frequency with which you worked near other persons who worked with asbestos materials; and

(c)     the manner in which you performed your work.

See answer to Interrogatory Nos. 8 and 38 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.

## PERSONS WITH KNOWLEDGE OF ASBESTOS EXPOSURE

40. For each separate defendant to whose asbestos products you claim exposure, state the names, home addresses and business addresses of all individuals who have knowledge of the particular exposure.

See Answer to Interrogatory No. 40 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.

## WARNINGS

41. State whether each asbestos-containing product you have identified had any caution or warning, and if so, set forth the nature and text of each such warning or caution and when you first became aware of such warning or caution.

No.

## EXPOSURE TO ASBESTOS OF NON-PARTIES

42. Did you ever work with, or around, asbestos-containing materials, which were manufactured, sold, prepared, or distributed, installed or removed by any person or company not named as a defendant in this lawsuit?

**Plaintiff does not believe so.**

## DETAILS OF EXPOSURE TO NON-PARTIES PRODUCTS

43. If your answer to the previous interrogatory is in the affirmative, identify each such person or company, and state:

      (a)    the type of product;

      (b)    when and where the exposure occurred;

      (c)    the type of work you were doing during this exposure;

      (d)    how the exposure occurred; and

      (e)    your employer at the time.

**Not applicable.**

## SUPERVISORS

44. What are the names and addresss of each of your supervisors during the period in which you claim you were exposed to asbestos materials?

**See answer to Interrogatory No. 40 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.**

## CO-WORKERS

45. What are the names and addresses of each of your co-workers when you were allegedly exposed to asbestos?

**See answer to Interrogatory No. 40 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.**

## TESTS CONDUCTED ON ASBESTOS PRODUCTS

46. Have you or your attorneys, representatives, or experts performed any tests upon any asbestos-containing products, to which you claim you were exposed, to determine their composition?

**Plaintiff does not believe so.**

## DETAILS OF ANY TEST CONDUCTED

47. If so, state the name, address, job classification, and employer of the person who conducted each test, and;

    (a)    the date of each test;

    (b)    state the tools used in each test;

    (c)    state where each test was conducted;

    (d)    set forth a summary of the findings or results of each test;

    (e)    state the nature of the test performed on each product;

    (f)    state the names, addresses, and occupations of all persons present during any of the tests;

    (g)    state the specific products on which the test were conducted; identifying the products by manufacturer, brand or trade name, and type of product;

    (h)    state whether any reports, notes, memoranda, or other type of record was made for any such test, and if so by whom.

**Not applicable.**

## LOCATION OF RECORDS OF ANY TESTS CONDUCTED

48. State the present location of the record referred to in the preceding interrogatory, including the name, address, and occupation of the person who has possession of such record.

**Not applicable.**

## SAMPLES OF ASBESTOS PRODUCTS

49. Do you, your attorneys, your representatives or experts have possession of any samples of any asbestos or asbestos-containing products referred to in the Complaint; and if so, state:

    (a)    the name, address, and job classification of the person having custody;

    (b)    the manufacturer's name, brand or trade name, distributor's name, and type of products for each sample;

(c)     when, whence, and from whom each sample was
obtained;

(d)     whether the samples were altered or changed in any
way from the state in shich they were manufactured
and originally distributed;

(e)     whether you have viewed any such sample; and if so,
when.

Plaintiff does not believe so.

PHOTOGRAPHS OF INSULATION WORK AND DETAILS

50. State whether you or any other person known to you
has, or knows of, photographs of insulating repair or insulation
work done by, or near you; and if so, state:

(a)     when each photograph was taken;

(b)     the name, address, and occupation of the person who
took each photograph;

(c)     where each photograph was taken;

(d)     the present location and the name, address and
occupation of the custodian of each such
photograph;

(e)     what each photograph depicts;

(f)     whether you personally have seen any such
photographs; and if so, when.

Yes.  To be supplied.

INFORMATION OR DATA SHEETS ON ASBESTOS PRODUCTS

51. Do you, or any person known to you, have or know
of, the existence of any asbestos product information or data
sheets with information about the characteristics and uses of any
asbestos product to which you were exposed.  If so, state:

(a)     the manufacturer of seller, brand or trade name, and
type of product of each sample;

(b)     when and from whom each sample was obtained;

(c)     whether you have seen any of these product
information or data sheets and, if so, when.

Numerous Defendants have supplied this information to his
counsel.

## PHOTOGRAPHS OF PRODUCTS AND DETAILS

52. Do you, or any person known to you, have or know of, photographs of any asbestos-containing products made or sold by any defendant or other person or company; and if so, state:

(a)     when each photograph was taken;

(b)     the name, address, and occupation of the person who took each photograph;

(c)     where each photograph was taken;

(d)     the present location, and the name, address, and occupation of the person who has possession of each such photograph;

(e)     what each photograph depicts;

(f)     whether you personally have seen any such photograph; and if so, when.

Plaintiff's counsel does have photographs of asbestos products, including the OCF picture book and GE, Westinghouse, Abex, Bendix and other products.

## EMPLOYER'S WARNING OF ASBESTOS DANGER

53. Did your employer ever give any instructions or warnings during the course of you employment about any alleged dangers of asbestos?

No.

## DETAILS OF WARNINGS

54. If the answer to the preceding interrogatories is yes, then, for each instruction or warning, state:

(a)     the date given;

(b)     the person who gave it;

(c)     whether the communication was written or oral;

(d)     if the communication was written, whether you have a copy of it in writing or know of anyone who does have a copy;

(e)     if the communication was written, the author or the communication; and

(f)     a summary of the communication.

Not applicable.

WERE MASKS AVAILABLE?

55. Were masks, respirators, or other dust inhalation inhibitors available during any part of your employment, and if so, state:

    (a)    whether the devices were provided by your employer;

    (b)    the period of time of your employment during which the devices were available to you;

    (c)    what instructions were given to you about using the devices;

    (d)    the manufacturer of the device;

    (e)    whether and when you ever used the device;

    (f)    how often, by a percentge of the time you were exposed to asbestos materials, you in fact used the device.

No.

WERE MASKS REQUIRED?

56. Did any of your employers ever recommend or require that you use any device to reduce your possible exposure to, or inhalation of, asbestos fibers?

No.

EMPLOYERS REQUIRING USE OF MASK AND DETAILS

57. If your response to the preceding interrogatory was in the affirmative, state:

    (a)    the employer's name and address;

    (b)    when, where, and the circumstances under which each recommendation or requirement was made;

    (c)    the identity of the person who issued the recommendation or requirement to you;

    (d)    the identitiy of each person present when each recommendation or requirement was made to you;

    (e)    the identity of each person who received the same or similar recommendation or requirement;

(f)    the exact working and content of each recommendation or requirement; and whether it was made in writing or orally;

(g)    the type, make, and model of each device referred to in each recommendation or requirement;

(h)    the nature of the action, if any, you took in response to each recommendation or requirement.

See answer to Interrogatory No. 56.

## ANY PUBLICATIONS OR WARNINGS ABOUT ASBESTOS DANGERS

58. Did you at any time receive any publication, warning, requirement, or recommendation, whether written or oral, which purported to:

(a)    advise you of possible harmful effects of exposure to, or inhalation of asbestos; or

(b)    recommend techniques or equipment which would reduce or guard against such potentially harmful exposure?

No.

## DETAILS OF PUBLICATIONS OR WARNINGS

59. If you answered in the affirmative to any part of the preceding interrogatory, state for each communication:

(a)    the nature and exact wording;

(b)    when, where, and the circumstances under which it was communicated;

(c)    the identity of each source;

(d)    the identity of each witness to your receipt of the communication;

(e)    the identity of each co-worker or similarly situated person who received a similar communication.

Not applicable.

## SAMPLES OF WARNING LABELS AND DETAILS

60. Do you, or any person known to you, have, or know of, samples of any asbestos product labels, warnings, packaging markings, or writings, or any other type of symbols or writings identifying or describing such products or warning of hazards of such products; and if so, state:

    (a)    the manufacturer, brand or trade name, and type of product of each such sample;

    (b)    when and from whom each sample was obtained;

    (c)    whether the samples were altered or changed in any way from when they were originally produced;

    (d)    whether you have seen such samples; and if so, when.

**Plaintiff does not believe so.**

## SAMPLES OF WARNING SIGNS, BULLETINS, ETC. AND DETAILS

61. Do you, or any person known to you, have, or know of, samples of warning signs, notices, bulletins, pamphlets, memoranda, or other writing posted at your place of employment by your employer, your labor union, by any state governmental agency, or by any federal governmental agency, about asbestos health hazards or work practices and procedures to be followed when working with or near asbestos-containing products; and if so, state:

    (a)    the type and content of the sample;

    (b)    when and from whom the sample was obtained;

    (c)    when the writing was issued or posted; and

    (d)    the present location, and the name, address, and occupation of the person who has possession of each such sample.

**Plaintiff does not believe so.**

## UNION MEMBERSHIP

62. Were you a member of any labor union at anytime? If so, state for each membership:

    (a)    the name of the union and is local;

**Not applicable.**

(b)     the time periods in which you were a member;

(c)     the names of your local's officials.

## TIME OF APPRENTICESHIP

63. When were you an apprentice?

**Not applicable.**

## TIME OF BEING JOURNEYMAN

64. When were you a journeyman?

**Not applicable.**

## UNION OFFICES AND COMMITTEES

65.  What offices have you held, and on what committees have you served for either your local, regional, national, or international union?

**None.**

## CONVENTIONS ABOUT OCCUPATIONAL HEALTH AND ASBESTOS

66. Have you ever attended any international, national, regional or local union meetings, seminars, conferences, or conventions, at which the subjects of occupational health and exposure to asbestos were discussed?  If so, state:

(a)     when and where such meetings took place;

(b)     the names and addresses of any speaker or discussion leader; and

(c)     a summary of the matters under discussion.

**No.**

## UNION WARNINGS OF ASBESTOS AND DETAILS

67. Have you ever been informed by any person in your local or international union of any possible hazards associated with exposure to asbestos?  if so, state:

(a)     the name, address, and official capacity of the person;

(b)    when and where you were so informed;

(c)    the information you received;

(d)    what action, if any, you took upon learning this information

No.

UNION PUBLICATIONS RECEIVED

68. Did you receive any union newspapers, newsletters, or other publications?  If so, state:

(a)    the type and nature of each publication received;

(b)    how often you received such publications; and

(c)    whether you read such publications.

No.

DID YOU DISCUSS LAWSUIT WITH UNION?

69. Have you ever discussed this lawsuit or the injuries you claim in this lawsuit with any official or your local or international union?  If so, state:

(a)    the name, address, and official capacity of each person with whom you discussed this matter;

(b)    when, where, and under what circumstances did you discuss these matters;

(c)    the substance of these discussions.

No.

UNION MEDICAL SCREEN PROGRAM

70. Did you ever participate in any medical screening program or health survey sponsored by, or with, your local or international union?  If so, state:

(a)    when and where you so participated;

(b)    the nature of the program or survey;

(c)    the name and address of any examining physician or health practitioner;

(d)    whether any x-rays were taken.

No.

## DETAILS OF WAGE LOSS CLAIM

71. If you are claiming loss of earnings or impairment of earning power because of any asbestos-related condition, disease or injury, then state:

    (a)    when you first became impaired;

    (b)    the name and address of your employer, your job classification, and your monthly or weekly rate of pay at the time you claim to have become impaired or lost earning power;

    (c)    if you had more than one employer during the three-year period prior to the onset of the impairment in earning power, then state the names and addresses of all employers, your job classifications, your weekly or monthly rate of pay, and the dates of employment;

    (d)    the dates during which you were unable to work to your expectations because of any asbestos-related injury, and the total amount of pay you lost because of this inability.

To be supplied.

## RETIREMENT OR OTHER BENEFITS SOUGHT

72. State whether you have ever sought, filed for or received any of the following:

    (a)    Social Security retirement benefits;

    (b)    life insurance benefits including but not limited to waiver of premium;

    (c)    union retirement benefits; and

    (d)    unemployment compensation.

401K and Social Security.

## FIRST DATE LEARNED ASBESTOS DISEASE COMPENSABLE

73. When, if ever, did you first become aware that asbestosis was a compensable occupational disease under a State or Federal; Workmen's Compensation Act? State how you became aware of this fact.

Not applicable.

### WHO PAID HOSPITAL BILLS FOR ASBESTOS DISEASE?

74. For each hospital, or other health-related facility in which you have been confined as the result of any alleged asbestos related condition, disease or injury, itemize by facility the costs you incurred.  State whether or not these expenses have been paid, partially or wholly, and identify the person or other entity who has paid them.

Objection.  Bills will be supplied upon receipt.  Objection to disclosing who paid them, Collateral Source Rule.

### MEDICAL BILLS AND PAYMENT THEREOF

75. State the total amount of any other expenses including doctor bills, which you incurred as a result of your alleged asbestos-related condition, disease or injuries.  State whether or not these expenses have been paid, partially or wholly, and identify the person or other entity who has paid them.

To be supplied when a claim for such expenses is made.

### HOUSEHOLD HELP EMPLOYED (IF CLAIMED)

76. If a claim is made for household help, state the names and addresses of each person employed for household help, the dates of the employement, and the expenses incurred.

See answer to Interrogatory No. 75.

### ALCOHOL CONSUMPTION

77. Do you now consume, or have you ever consumed, alcoholic beverages?  If so, describe what you drink, and the frequency and quantity of your consumption.

Objection, irrelevant.

### SMOKING - BRANDS AND WARNINGS

78. If you have used cigarettes, cigars, pipes, or any other tobacco product, state:

    (a)    the brand names of the tobacco product;

(b)     whether you were ever advised by any physician or
        other person to stop using tobacco products, and if
        so, identify each person so advising you, and state
        when the advice was given to you, and whether you
        followed the advice.

**See answer to Interrogatory No. 16 in Plaintiffs' Answers to
Defendants' General Set of Interrogatories, Set I.**

SMOKING - EVER QUIT AND WHY

79. If you ever stopped using tobacco products, please
state your reasons for doing so.

**See answer to Interrogatory No. 78.**

SURGEON GENERAL'S WARNINGS

80. Are you aware of the United States Surgeon
General's cautions placed on all cigarette packages and
advertisements?  If so, when did you acquire this awareness?

**Objection, irrelevant.**

HAVE YOU READ CIGARETTE WARNINGS?

81. Have you ever read the warnings referred to in the
preceding interrogatory?

**Objection, irrelevant.**

SMOKE AFTER WARNINGS?

82. Have you ever smoked cigarettes after becoming
aware of the cautions?

**See answer to Interrogatory No. 78.**

REALIZE SMOKING CAUSES CANCER?

83. Are you aware that the use of tobacco may cause
cancer?  If so, when did you acquire this knowledge?

**Objection, irrelevant.**

## SOURCES OF SMOKING INFORMATION

84. Identify the sources of all information you, your attorneys, or other representatives, obtained in answering the preceding interrogatory, setting forth the names and addresses of all persons providing the information, their employment, and their job positions.

**Plaintiff.**

## EVER TESTIFY IN ANY OTHER CASES?  DETAILS IF YES

85. Have you ever given sworn testimony in a criminal or civil proceeding other than this; if so, state:

    (a)    When and where you testified;

    (b)    who called you as a witness;

    (c)    in what court you testified;

    (d)    the subject matter of your testimony;

    (e)    the parties to the proceedings.

**Not as to any asbestos related matters.  Plaintiff did testify in a few product liability cases in the past for Rohm & Haas.**

## WRITTEN STATEMENTS GIVEN

86. Identify all written statements which you have made which related to the facts of this lawsuit and the damages claimed.

**None at present.**

## FACT WITNESSES FOR PLAINTIFF

87. List the names of each person who will testify as a fact witness on behalf of the plaintiffs.

**See answer to Interrogatory No. 40 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.**

## DETAILS ABOUT FACT WITNESSES

88. For each person identified in your answer to interrogatory number 87, state the person's

    (a)    age;

(b)    home and business address;

(c)    employer's name;

(d)    occupation;

(e)    previous employment history, including a description of duties for each employer.

**See answer to Interrogatory No. 40 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.**

SUBJECT OF FACT WITNESSES' TESTIMONY

89. For each person identified in your answer to interrogatory number 87, state the subject matter of the witnesses' proposed testimony and the facts to which the person will testify.

**See answer to Interrogatory No. 40 in Plaintiffs' Answers to Defendants' General Set of Interrogatories, Set I.**

WHO HELPED PREPARE INTERROGATORY ANSWERS?

90. With whom did you consult in preparing your answers to these interrogatories?

**My attorney.**

DOCUMENTS USED IN PREPARING INTERROGATORY ANSWERS

91. Did you rely on any documents in preparing your answers to these interrogatories?  If so, describe each document fully, and state when, where, and from whom you obtained the document.

**No.**

**Paul, Reich & Myers, P.C.**

By: _Robert C Paulson_

## <u>VERIFICATION</u>

I hereby certify that I am a Plaintiff in the instant matter and the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

# PAUL, REICH & MYERS, P.C.

ATTORNEYS AT LAW
1608 WALNUT STREET, SUITE 500
PHILADELPHIA, PENNSYLVANIA 19103
Tel. (215) 735-9200   Fax (215) 735-3888

ROBERT E. PAUL
ALAN I. REICH
RICHARD P. MYERS
ELIOT PRESENT

January 10, 2013

Mr. Steve Martin
RecordTrak
651 Allendale Road
P.O. Box 61591
King of Prussia, PA 19406

Re:    **DeVries, John (Robert G., h/w)**
       **45096 Briar Hill West, Lafayette Hill, PA 19444**
       <u>**DOB: 10/5/34; SS#: 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**</u>

Dear Steve:

Please request all records and x-rays at your first convenience from the following:

| | | |
|---|---|---|
| a. | Employer: | Rohm & Haas; |
| b. | Medical: | Andrew Haas, M.D., Penn Lung Center, Perelman Center for Advanced Medicine, 3400 Spruce Street, Philadelphia, PA 19104 (215) 615-0786; |
| c. | Medical: | Abington Memorial Hospital, Abington, PA; |
| d. | Medical: | Joseph C. McAllister (Primary), 1235 Old York Road, Levy Medical Pavillion, Abington, PA 19001; |
| e. | Medical: | Thomas Jefferson University Hospital (Rothman Clinic); |
| f. | Medical: | Methodist Hospital, 2301 S. Broad Street, Philadelphia, PA; |
| g. | Medical: | Gerald Williams, M.D. (Rotator Cuff), Rothman Institute, 170 N. Henderson Road, King of Prussia, PA 19406 (267) 339-3500; |
| h. | Medical: | Richard Friedenheim, M.D., (Pulmonologist), 1235 Old York Road, Suite 121, Abington, PA 19001; |
| i. | Medical: | Marc Chernoff, D.O. (Oncologist), Abington Hematology/ Oncology Associates, Inc., 1648 Huntingdon Pike, Suite 1000, Meadowbrook, PA 19046 (215) 947-5460; |
| j. | Medical: | HUP (Perelman Center for Advanced Medicine) |
| k. | Medical: | Corey Langer, M.D., Hospital of the University of Pennsylvania, 3400 Civic Center Blvd., Suite 600W, Philadelphia, PA 19104 (215) 615-5858; |
| l. | Medical: | Shore Memorial Hospital, 1 East New York Avenue, Somers Point, NJ 08244 (609) 653-3545; |
| m. | Medical: | Michael Rubenstein, M.D., Meadowbrook Neurology Group, 1650 Huntingdon Pike, Suite 258, Meadowbrook, PA 19046 (215) 938- |

PAUL, REICH & MYERS, P.C.

Mr. Steve Martin
January 10, 2013
Page 2

7730;

| | | |
|---|---|---|
| n. | Medical: | Ahmed Soliman, M.D., 1077 Rydal Road, Suite 201, Jenkintown, PA 19046 (215) 885-4840; |
| o. | Medical: | Charles Pritchard, M.D., Rheumatic Disease Associates, 2360 Maryland Road, Willow Grove, PA 19090 (215) 657-6776; |
| p. | Medical: | Richard Schwab, M.D./David Stanton, M.D. (2nd Opinion), Penn Lung Center, 3624 Market St, Suite 205, Philadelphia, PA 19104 (215) 662-7772; |
| q. | Medical: | Moody Kwock, M.D., OrthopaediCare, 1327 Old York Road, Abington, PA 19001 (215) 830-8700; |
| r. | Medical: | Robert Tokareck, M.D./Clifford Perlis, M.D., 1235 Old York Road, Abington, PA 19001 (215) 517-1212; |
| s. | Social Security records; | |
| t. | IRS records; | |
| u. | Military records. | |

Enclosed are HIPAA, employment, IRS, military and Social Security authorizations signed by Mr. DeVries  A copy of our complaint was forwarded under separate cover.

Thank you for your courtesy and cooperation.

Sincerely yours,

PAUL, REICH & MYERS

BY:_____

SANDRA VITALE COIA
Paralegal

SVC/lmd
Enclosures

<u>CERTIFICATE OF SERVICE IN JOHN DEVRIES CASE</u>

The undersigned attorney certifies that the foregoing was electronically served on all counsel of record this 10th day of January 2013.   It is available for viewing and downloading through RecordTrak's E-Service. It has been served by fax for those non-participating attorneys.

Norman Haase, Esquire
SWARTZ, CAMPBELL & DETWEILER
115 N. Jackson Street
Media, PA 19063
Phone (610) 566-9222
Fax (610) 566-5469

Attorney for:
A Division of Aqua-Chem, Inc.
Brand Insulation, Inc.
CLEAVER-BROOKS, INC.
c/o CT Corp System

G. Daniel Bruch, Jr., Esquire
SWARTZ, CAMPBELL & DETWEILER
Two Liberty Place, 28th Floor
50 S. 16th Street
Philadelphia, PA 19102
Phone (215) 299-4312
Fax (215) 299-4301

Attorney for:
ALLEN-BRADLEY COMPANY
CRANE CO.

CHARITY C. HYDE, Esquire
BENNETT, BRICKLIN & SALTZBURG, LLP
1601 Market Street
16th Floor
Philadelphia, PA 19103
Phone (215) 561-4300
Fax (215) 561-6661

Attorney for:
ALLEN-SHERMAN-HOFF

JOHN MCMEEKIN, Esquire
RAWLE & HENDERSON
Widener Building, 16th Floor
1 S. Penn Square
1339 Chestnut Street
PHILADELPHIA, PA 19107
Phone (215) 575-4324
Fax (215) 563-2583

Attorney for:
AMTICO

James P. Hadden, Esquire
MARON & MARVEL
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
Phone (215) 231-7100
Fax (215) 231-7101

Attorney for:
AURORA PUMP
c/o Lynette Jones

BERNARD L. LEVINTHAL, Esquire
GOLDFEIN & JOSEPH
1880 JFK Blvd.
20th Floor
PHILADELPHIA, PA 19103
Phone (215) 979-8200
Fax (215) 979-8201

Attorney for:
AZROCK INDUSTRIES, INC.
CT CORPORATION SYSTEMS
EDWARDS VALVE
k/n/a Flowserve

CATHERINE N. JASONS, Esquire
KELLEY, JASONS, McGOWAN, SPINELLI
HANNA & REBER, LLP

Attorney for:
Amchem Products, Inc.
BAYER CROPSCIENCE INC., as successor to

50 South 16th Street
Two Liberty Place, Suite 1900
Philadelphia, PA 19102
Phone (215) 854-0658
Fax (215) 854-8434

Corporate Center
INGERSOLL-RAND & CO.

Jonathan Dryer, Esquire
WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER
The Curtis Center, Ste. 1130 East
Independence Square West
Philadelphia, PA 19106
Phone (215) 627-6900
Fax (215) 627-2665

Attorney for:
  Attn: Roy C. Aguero
  JAMES D. MORRISSEY, INC.

JOHN J. DUGAN, Esquire
SALMON, RICCHEZZA, SINGER & TURCHI
123 Egg Harbor Road
CORP.
Suite 406
SEWELL, NJ 08080
Phone (856) 354-8074
Fax (856) 354-8075

Attorney for:
  BEAZER EAST (f/k/a Koppers)
  UNIVERSAL REFRACTORIES, DIVISION OF THEIM

  c/o Three Rivers Management
  c/o Three Rivers Management

Dawn Dezii, Esquire
MARGOLIS, EDELSTEIN, SCHERLIS &
  KRAEMER
The Curtis Center, 4th Floor
Independence Square West
Philadelphia, PA 19106
Phone (856) 727-6005
Fax (856) 727-6010

Attorney for:
  BF GOODRICH COMPANY

DANIEL J. RYAN, JR., Esquire
MARSHALL, DENNEHEY, WARNER,
  COLEMAN & GOGGIN
2000 Market Street, Suite 2300
PHILADELPHIA, PA 19103-3773
Phone (215) 575-2740
Fax (215) 575-0861

Attorney for:
  BRYANT HEATING AND COOLING
  DAL-TILE
  DENISON INTERNATIONAL
  DOVER CORPORATION
  J.A. SEXAUER
  The Corporation Trust Co.
  WARREN PUMPS

John S. Howarth, Esquire
WILBRAHAM, LAWLER & BUBA
1818 Market Street, Ste. 3100
Philadelphia, PA 19103
Phone (215) 972-2848
Fax (215) 564-4385

Attorney for:
  BUFFALO PUMPS, INC.

John A. Turlik, Esquire
SEGAL McCAMBRIDGE SINGER & MAHONEY,
  LTD.
1818 Market Street
Suite 2600
Philadelphia, PA 19103
Phone (215) 972-8015
Fax (215) 972-8016

Attorney for:
  BW/IP Inc.
  c/o FLOW SERVICE CORPORATION

Kevin Maginnis, Esquire
WILBRAHAM, LAWLER & BUBA
1818 Market Street
Suite 3100
Philadelphia, PA 19103
Phone (215) 564-4141
Fax (215) 564-4385

Attorney for:
    Burnham LLC

John McShea, III, Esquire
McSHEA LAW FIRM
Corporation
1717 Arch Street
28th Floor, Bell Atlantic Tower
Philadelphia, PA 19103
Phone (215) 599-0800
Fax (215) 599-0888

Attorney for:
    CBS Corporation, formerly Westinghouse Electric

    GENERAL ELECTRIC COMPANY

Edward Wilbraham, Esquire
WILBRAHAM, LAWLER & BUBA
1818 Market Street
Suite 3100
Philadelphia, PA 19103
Phone (215) 564-4141
Fax (215) 564-4385

Attorney for:
    CERTAIN-TEED CORPORATION
    NOSROC CORPORATION
    c/o CT Corporation Systems

Frederick M. Walton, Jr., Esquire
HARVEY, PENNINGTON, CABOT, GRIFFITH
& REN
1800 John F. Kennedy Boulevard
Suite 1300
Philadelphia, PA 19103
Phone (215) 563-4470
Fax (215) 568-1044

Attorney for:
    CHICAGO DRYER

Christine Boyd, Esquire
LAVIN, O'NEIL, RICCI,
CEDRONE & DISIPIO
190 N. Independence Mall West
Suite 500, 6th & Race Streets
Philadelphia, PA 19106
Phone (215) 351-7908
Fax (215) 627-2551

Attorney for:
    CLARK CONTROLLER CO.
    c/o GTE Products Corporation

William J. Smith, Esquire
DICKIE, MCCAMEY & CHILCOTE, P.C.
150 South Independence Mall West
Suite 901, Public Ledger Building
Philadelphia, PA 191063409
Phone (215) 925-2289
Fax (215) 925-0307

Attorney for:
    COPES VULCAN

ROBERT CORBIN, Esquire
GERMAN, GALLAGHER & MURTAUGH
200 S. Broad Street
5th Floor
PHILADELPHIA, PA 19102
Phone (215) 545-7700
Fax (215) 732-4182

Attorney for:
    CROUSE-HINDS
    n/k/a Cooper Crouse-Hinds

Michael J. Stack Jr., Esquire
Law Offices of Michael J. Stack,
(Successor to Mundet Cork Company)
Jr., P.C
1247 Southampton Road
Philadelphia, PA 19116
Phone (215) 677-6982
Fax (215) 677-8818

Attorney for:
   CROWN CORK AND SEAL COMPANY, INC.

Vincent F. Reilly, Esquire
REILLY, JANICZEK & McDEVITT, P.C.
1 S. Penn Square
Widener Building, 4th Floor
Philadelphia, PA 19107
Phone (856) 317-7180
Fax (215) 972-0405

Attorney for:
   FOSTER WHEELER, LLC

TIMOTHY RAU, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN

& GOG
2000 Market Street, Suite 2300
PHILADELPHIA, PA 19103
Phone (215) 575-2623
Fax (215) 575-0856

Attorney for:
   GARDNER-DENVER-JOY COMPRESSORS

M. DOUGLAS EISLER, Esquire
WILBRAHAM, LAWLER & BUBA
1818 Market Street
Suite 3100
PHILADELPHIA, PA 19103
Phone (215) 564-4141
Fax (215) 564-4385

Attorney for:
   GOODYEAR CANADA
   GOODYEAR TIRE AND RUBBER CO.

JAMES P. GANNON, Esquire
SEGAL McCAMBRIDGE SINGER
& MAHONEY, LTD.
1818 Market Street
Suite 2600
PHILADELPHIA, PA 19103
Phone (215) 972-8015
Fax (215) 972-8016

Attorney for:
   GREENE, TWEED & COMPANY

R. THOMAS MCLAUGHLIN, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
PHILADELPHIA, PA 19103
Phone (215) 575-4555
Fax (215) 575-0856

Attorney for:
   HARNISCHFEGER CORP.

ROBERT N. SPINELLI, Esquire
KELLEY, JASONS, MCGOWAN, SPINELLI
HANNA & REBER, LLP
50 South 16th Street
Two Liberty Place, Suite 1900
PHILADELPHIA, PA 19102
Phone (215) 854-0658

Attorney for:
   HENKLES AND McCOY, INC.
   UNITED CONVEYOR CORPORATION

Fax (215) 854-8434

PATRICK T. FINNEGAN, Esquire
MCGIVNEY & KLUGER, P.C.
1650 Arch Street
Suite 1800
PHILADELPHIA, PA 19103
Phone (215) 557-1990
Fax (215) 557-7590

Attorney for:
   HOMASOTE

Joni Mangino, Esquire
ZIMMER & KUNZ, P.C.
3300 USX Tower
Pittsburgh, PA 15219
Phone (412) 434-5446
Fax (412) 325-1544

Attorney for:
   INSUL CORPORATION
   ZIMMER & KUNZ P.C.
   c/o Joni Mangino

Mark N. Cohen, Esquire
MARGOLIS EDELSTEIN
The Curtis Center, Suite 400
Independence Square West
Philadelphia, PA 19106
Phone (215) 922-1100
Fax (215) 922-1772

Attorney for:
   J.J. WHITE, INC.

Stewart Singer, Esquire
SALMON, RICCHEZZA, SINGER & TURCHI
1601 Market Sreet
Suite 2500
Philadelphia, PA 19103
Phone (215) 606-6604
Fax (215) 606-6601

Attorney for:
   METROPOLITAN LIFE INSURANCE CO.

BASIL A. DISIPIO, Esquire
LAVIN, O'NEIL, RICCI,
CEDRONE & DISIPIO
190 N. Independence Mall West
6th & Race Streets, Ste. 500
PHILADELPHIA, PA 19106
Phone (215) 351-7929
Fax (215) 627-2551

Attorney for:
   MINNESOTA MINING AND MANUFACTURING

Eric Kadish, Esquire
MARON & MARVEL
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
Phone (215) 231-7100
Fax (215) 231-7101

Attorney for:
   OWENS-ILLINOIS, INC.

KEVIN J. O'BRIEN, Esquire
MARKS, O'NEILL, O'BRIEN & COURTNEY,
P.C.
1800 JFK Boulevard, Suite 1900
PHILADELPHIA, PA 19103
Phone (215) 564-6688
Fax (215) 564-2526

Attorney for:
   PECORA CORPORATION

SCOTT R. KIPNIS, Esquire
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue, 9th Floor
NEW YORK, NY 10036
Phone (212) 897-7898
Fax (212) 897-4999

Attorney for:
RAPID-AMERICAN CORPORATION

Joan P. Depfer, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone (215) 575-4559
Fax (215) 575-0856

Attorney for:
RILEY STOKER CORPORATION

Mitchell S. Pinsly, Esquire
MARGOLIS EDELSTEIN
Curtis Center, Suite 400
601 Walnut Street
Philadelphia, PA 19106
Phone (215) 931-5843
Fax (215) 922-1772

Attorney for:
SEPCO CORPORATION
c/o CT Corporation Systems

JOSEPH CAGNOLI, JR., Esquire
SEGAL, McCAMBRIDGE, SINGER &
MAHONEY, LTD
1818 Market Street
Suite 2600
Philadelphia, PA 19103
Phone (215) 972-8015
Fax (215) 972-8016

Attorney for:
WEIL McLAIN, A Division of The Marley Company, A
Wholly Owned Subsidiary of United Dominion Industries, Inc.

Dennis Valenza, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 191032921
Phone (215) 963-5644
Fax (215) 963-5001

Attorney for:
YARWAY
c/o CT Corporation Systems

CHRISTOPHER N. SANTORO, Esquire
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
PHILADELPHIA, PA 19103-3773
Phone (215) 575-2589
Fax (215) 575-0856

Attorney for:
Zurn Industries, LLC

/s/ Robert E. Paul, Esquire
ROBERT E. PAUL, ESQUIRE
PAUL, REICH & MYERS, P.C.
1608 Walnut Street, Suite 500
Philadelphia, PA 19103
(215) 735-9200

PROOF OF SERVICE - BY EMAIL/ELECTRONIC TRANSMISSION

RE: JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.
Court: PCCP
Case No.: 1212-3661

I am employed by PAUL, REICH & MYERS, . I am over the age of 18 and not a party to the within action. My email address is SCOIA@PRMPCLAW.COM.

On 1/10/2013, based upon an agreement of the parties to accept service by email or electronic transmission, I served copies of the document(s) identified as:

ANSWERS TO GENERAL INTERROGATORIES & PROVIDER INFORMATION IN JOHN DEVRIES CASE

on the following parties in said action via electronic service to the designated email address(es) set forth below:

See attached service list.

I transmitted said document(s) electronically and the transmission was reported as complete and without error.

Executed on 1/10/2013.


/s/   SANDY COIA
SANDY COIA
PAUL, REICH & MYERS
SCOIA@PRMPCLAW.COM


Document successfully submitted to RecordTrak at 1/10/2013 3:27:20 PM EST

Service List                                      Court          Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.   PCCP          1212-3661

NORMAN HAASE, SWARTZ CAMPBELL
115 N. JACKSON STREET
MEDIA PA 19063
(610) 566-9222   jkilby@swartzcampbell.com

NORMAN HAASE, SWARTZ CAMPBELL
115 N. JACKSON STREET
MEDIA PA 19063
(610) 566-9222   lciarrocchi@swartzcampbell.com

NORMAN HAASE, SWARTZ CAMPBELL
115 N. JACKSON STREET
MEDIA PA 19063
(610) 566-9222   nrowlyk@swartzcampbell.com

CAROLYN MCCORMACK, LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 N. INDEPENDENCE MALL WEST SUITE 500
PHILADELPHIA PA 19106
(215) 351-1928   cmccormack@lavin-law.com

STORM LASHLEY, MARGOLIS EDELSTEIN, ET AL.
216 HADDON AVE PO BOX 2222
WESTMONT NJ 08108
(856) 858-7200   slashley@margolisedelstein.com

LAURIE HAMORSKY, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE, SUITE 400
PITTSBURGH PA 15222-5402
(412) 281-7272   ksmith@dmclaw.com

LAURIE HAMORSKY, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE, SUITE 400
PITTSBURGH PA 15222-5402
(412) 281-7272   LHAMORSKY@DMCLAW.COM

THOMAS MASTROIANNI, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   tmastroianni@rjm-law.com

DAMIAN TARANTO, LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 N. INDEPENDENCE MALL WEST 6TH & RACE ST.
PHILADELPHIA PA 19106
(215) 351-1915   dtaranto@lavin-law.com

THOMAS JEZEWSKI, SWARTZ CAMPBELL
600 GRANT STREET SUITE 4750
PITTSBURGH PA 15219
(412) 560-3266   lmbarron@swartzcampbell.com

Service List                                                    Court          Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.                 PCCP           1212-3661

THOMAS JEZEWSKI, SWARTZ CAMPBELL
600 GRANT STREET SUITE 4750
PITTSBURGH PA 15219
(412) 560-3266   khorne@swartzcampbell.com

THOMAS JEZEWSKI, SWARTZ CAMPBELL
600 GRANT STREET SUITE 4750
PITTSBURGH PA 15219
(412) 560-3266   tjezewski@swartzcampbell.com

THOMAS JEZEWSKI, SWARTZ CAMPBELL
600 GRANT STREET SUITE 4750
PITTSBURGH PA 15219
(412) 560-3266   ksobieralski@swartzcampbell.com

ROBERT CORBIN, GERMAN, GALLAGHER & MURTAGH
THE BELLEVUE 200 SOUTH BROAD ST. 5TH FLOOR
PHILADELPHIA PA 19102
(215) 545-7700   corbinr@ggmfirm.com

ROBERT CORBIN, GERMAN, GALLAGHER & MURTAGH
THE BELLEVUE 200 SOUTH BROAD ST. 5TH FLOOR
PHILADELPHIA PA 19102
(215) 545-7700   marzuccam@ggmfirm.com

JENNIFER STEIN, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   jastein@mdwcg.com

ROBERT GAEHRING, WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET SUITE 3100
PHILADELPHIA PA 19103
(215) 564-4141   eservedocs@wlbdeflaw.com

ROBERT GAEHRING, WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET SUITE 3100
PHILADELPHIA PA 19103
(215) 564-4141   RGG@WLBDEFLAW.COM

ROBERT GAEHRING, WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET SUITE 3100
PHILADELPHIA PA 19103
(215) 564-4141   kvs@wlbdeflaw.com

ROBERT GAEHRING, WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET SUITE 3100
PHILADELPHIA PA 19103
(215) 564-4141   cjs@wlbdeflaw.com

Service List                                        Court          Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.     PCCP           1212-3661

MICHELE TURNER, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET STREET 16TH FLOOR
PHILADELPHIA PA 19103
(215) 665-3344   mturner@bbs-law.com

KIM EVERLY, GOLDFEIN & JOSEPH
1880 JFK BLVD 20TH FLOOR
PHILADELPHIA PA 19103
(215) 979-8264   ndebasio@goldfeinlaw.com

KIM EVERLY, GOLDFEIN & JOSEPH
1880 JFK BLVD 20TH FLOOR
PHILADELPHIA PA 19103
(215) 979-8264   keverly@goldfeinlaw.com

EDWARD TUITE, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET STREET SUITE 2300
PHILADELPHIA PA 19103
(215) 575-2685   ejtuite@mdwcg.com

EDWARD TUITE, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET STREET SUITE 2300
PHILADELPHIA PA 19103
(215) 575-2685   clgilbert@mdwcg.com

EDWARD TUITE, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET STREET SUITE 2300
PHILADELPHIA PA 19103
(215) 575-2685   JHROMIROWSKY@MDWCG.COM

KIM LIPPERT, ZIMMER KUNZ
600 GRANT ST. SUITE 3300
PITTSBURGH PA 15219
(412) 434-5446   zeli@zklaw.com

KIM LIPPERT, ZIMMER KUNZ
600 GRANT ST. SUITE 3300
PITTSBURGH PA 15219
(412) 434-5446   lippert@zklaw.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300   mturner@bbs-law.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300   cohen@bbs-law.com

Service List                                         Court            Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.      PCCP             1212-3661

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300    lantieri@bbs-law.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300    sciacca@bbs-law.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300    bradley@bbs-law.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300    perez@bbs-law.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300    lottes@bbs-law.com

PAUL LANTIERI, BENNETT, BRICKLIN & SALTZBURG
1601 MARKET ST 16TH FLOOR
PHILADELPHIA PA 19103
(215) 561-4300    HYDE@BBS-LAW.COM

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000    eedmonds@morganlewis.com

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000    rkirsch@morganlewis.com

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000    spalascak@morganlewis.com

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000    jhobson@morganlewis.com

Service List                                           Court            Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.        PCCP             1212-3661

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000   mgoldsborough@morganlewis.com

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000   rgustafson@morganlewis.com

ROBERT KIRSCH, MORGAN, LEWIS & BOCKIUS
1701 MARKET STREET
PHILADELPHIA PA 19103-2921
(215) 963-5000   elizabeth.cubbage@morganlewis.com

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   jderose@kjmsh.com

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   RTPHILA-ASBESTOS@KJMSH.COM

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   cdardaris@kjmsh.com

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   dbard@kjmsh.com

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   SCOCO@KJMSH.COM

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   cjasons@kjmsh.com

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   mmcdonough@kjmsh.com

| Service List | Court | Docket |
|---|---|---|
| JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL. | PCCP | 1212-3661 |

SANDY COCO, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA & REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-0658   LSARIEGO@KJMSH.COM

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   djackson@rjm-law.com

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   KSULLIVAN@RJM-LAW.COM

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   CMARI@RJM-LAW.COM

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   ljaniczek@rjm-law.com

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   jholman@rjm-law.com

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   svalinis@rjm-law.com

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   cletwin@rjm-law.com

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   LBURKE@RJM-LAW.COM

JUVAR HOLMAN, REILLY, JANICZEK & MCDEVITT
WIDENER BLDG. 4TH FLOOR ONE SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 972-5200   plejeune@rjm-law.com

Service List                                    Court           Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.   PCCP           1212-3661

CHRIS DEERING, SEGAL, MCCAMBRIDGE, SINGER & MAHONEY
1818 MARKET ST. SUITE 2600
PHILADELPHIA PA 19103
(215) 399-2015   cdeering@smsm.com

TED FINCH, LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 N. INDEPENDENCE MALL WEST SUITE 500
PHILADELPHIA PA 19106
(215) 351-7561   efinch@lavin-law.com

TED FINCH, LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 N. INDEPENDENCE MALL WEST SUITE 500
PHILADELPHIA PA 19106
(215) 351-7561   ldyson@lavin-law.com

LISA FRIEDKIN, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET STREET SUITE 2300
PHILADELPHIA PA 19103
(215) 575-2600   lcfriedkin@mdwcg.com

LISA FRIEDKIN, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET STREET SUITE 2300
PHILADELPHIA PA 19103
(215) 575-2600   cpdower@mdwcg.com

JOANNE FILLIUS, RAWLE & HENDERSON
WIDENER BUILDING 1 SOUTH PENN SQUARE
PHILADELPHIA PA 19107
(215) 575-4327   jfillius@rawle.com

DONNA SANTANGELO, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 28TH FLOOR
PHILADELPHIA PA 19102
(215) 299-4390   gstokes@swartzcampbell.com

DONNA SANTANGELO, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 28TH FLOOR
PHILADELPHIA PA 19102
(215) 299-4390   dsantangelo@swartzcampbell.com

MATTHEW GAYLE, LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 NORTH INDEPENDENCE MALL WEST SUITE 500
PHILADELPHIA PA 19106
(215) 351-1912   mgayle@lavin-law.com

PATTY HANNIGAN, SEGAL, MCCAMBRIDGE, SINGER & MAHONEY
1818 MARKET ST. SUITE 2600
PHILADELPHIA PA 19103
(215) 399-2014   phannigan@smsm.com

| Service List | Court | Docket |
|---|---|---|
| JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL. | PCCP | 1212-3661 |

JONI MANGINO, ZIMMER KUNZ
3300 US STEEL TOWER
PITTSBURGH PA 15219
(412) 281-8000   SWEENEY@ZKLAW.COM

JONI MANGINO, ZIMMER KUNZ
3300 US STEEL TOWER
PITTSBURGH PA 15219
(412) 281-8000   SOMERHALDER@ZKLAW.COM

EDWARD FINCH, LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 N. INDEPENDENCE MALL WEST SUITE 500
PHILADELPHIA PA 19106
(215) 627-0303   tamartin@lavin-law.com

NICHOLAS ZIDIK, SWARTZ CAMPBELL
600 GRANT STREET SUITE 4750 US STEEL TOWER
PITTSBURGH PA 15219
(412) 560-3265   nzidik@swartzcampbell.com

STEWART SINGER, SALMON, RICCHEZZA, SINGER & TURCHI, LLP
1601 MARKET ST. SUITE 2500
PHILADELPHIA PA 19103
(215) 606-6620   jdugan@srstlaw.com

STEWART SINGER, SALMON, RICCHEZZA, SINGER & TURCHI, LLP
1601 MARKET ST. SUITE 2500
PHILADELPHIA PA 19103
(215) 606-6620   asmith@srstlaw.com

STEWART SINGER, SALMON, RICCHEZZA, SINGER & TURCHI, LLP
1601 MARKET ST. SUITE 2500
PHILADELPHIA PA 19103
(215) 606-6620   ssinger@srstlaw.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   mds@maronmarvel.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   rmm@maronmarvel.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   mgl@maronmarvel.com

Service List                                              Court        Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.           PCCP         1212-3661

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   recordtrack@maronmarvel.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   eb@maronmarvel.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   ams@maronmarvel.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   rnc@maronmarvel.com

MARLENE SCOTT, MARON, MARVEL, BRADLEY & ANDERSON
THREE LOGAN SQUARE 1717 ARCH STREET, SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7117   mdv@maronmarvel.com

FAYE O'BRIEN, HOFHEIMER, GARTLIR & GROSS
530 5TH AVE. 9TH FLOOR
NEW YORK NY 10036
(212) 897-7904   fobrien@hgg.com

FAYE O'BRIEN, HOFHEIMER, GARTLIR & GROSS
530 5TH AVE. 9TH FLOOR
NEW YORK NY 10036
(212) 897-7904   asb@hgg.com

FAYE O'BRIEN, HOFHEIMER, GARTLIR & GROSS
530 5TH AVE. 9TH FLOOR
NEW YORK NY 10036
(212) 897-7904   FOBRIEN@HGG.COM

MARIAN KNIPPE, SWARTZ CAMPBELL
600 GRANT STREET SUITE 4750
PITTSBURGH PA 15219
(412) 281-5413   mknippe@swartzcampbell.com

SANDY COIA, PAUL, REICH & MYERS
1608 WALNUT ST SUITE 500
PHILADELPHIA PA 19103
(215) 735-9200   scoia@prmpclaw.com

Service List                                     Court          Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.  PCCP          1212-3661

SANDY COIA, PAUL, REICH & MYERS
1608 WALNUT ST SUITE 500
PHILADELPHIA PA 19103
(215) 735-9200   agill@prmpclaw.com

SANDY COIA, PAUL, REICH & MYERS
1608 WALNUT ST SUITE 500
PHILADELPHIA PA 19103
(215) 735-9200   amazie@prmpclaw.com

MICHELLE DORIA, MCGIVNEY & KLUGER
1650 ARCH ST. SUITE 1800
PHILADELPHIA PA 19103
(215) 557-1990   mtoll@mklaw.us.com

MICHELLE DORIA, MCGIVNEY & KLUGER
1650 ARCH ST. SUITE 1800
PHILADELPHIA PA 19103
(215) 557-1990   cdrake@mcgivneyandkluger.com

MICHELLE DORIA, MCGIVNEY & KLUGER
1650 ARCH ST. SUITE 1800
PHILADELPHIA PA 19103
(215) 557-1990   mdoria@mcgivneyandkluger.com

MICHELLE DORIA, MCGIVNEY & KLUGER
1650 ARCH ST. SUITE 1800
PHILADELPHIA PA 19103
(215) 557-1990   phila-asbestos@mcgivneyandkluger.com

WILLIAM ADAMS, DICKIE, MCCAMEY & CHILCOTE
1650 RCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   nfletcher@dmclaw.com

WILLIAM ADAMS, DICKIE, MCCAMEY & CHILCOTE
1650 RCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   wadams@dmclaw.com

WILLIAM ADAMS, DICKIE, MCCAMEY & CHILCOTE
1650 RCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   rranieri@dmclaw.com

WILLIAM ADAMS, DICKIE, MCCAMEY & CHILCOTE
1650 RCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   kshumaker@dmclaw.com

Service List                                                 Court               Docket

JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.          PCCP             1212-3661

BRUCE WEISENBACH, MCSHEA & TECCE
1717 ARCH STREET 28TH FLOOR
PHILADELPHIA PA 19103
(215) 599-0800   amirabile@mcshea-tecce.com

BRUCE WEISENBACH, MCSHEA & TECCE
1717 ARCH STREET 28TH FLOOR
PHILADELPHIA PA 19103
(215) 599-0800   courtfilings@mcshealawfirm.com

BRUCE WEISENBACH, MCSHEA & TECCE
1717 ARCH STREET 28TH FLOOR
PHILADELPHIA PA 19103
(215) 599-0800   bweisenbach@mcshea-tecce.com

BRUCE WEISENBACH, MCSHEA & TECCE
1717 ARCH STREET 28TH FLOOR
PHILADELPHIA PA 19103
(215) 599-0800   ckattner@mcshea-tecce.com

EDELINA SHUMAN, GERMAN, GALLAGHER & MURTAGH
THE BELLEVUE, STE 500 200 S. BROAD STREET
PHILADELPHIA PA 19102
(215) 545-7700   giangiuliot@ggmfirm.com

MARK SKINNER, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 27TH FLOOR
PHILADELPHIA PA 19102
(215) 564-5190   kskinner@swartzcampbell.com

MARK SKINNER, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 27TH FLOOR
PHILADELPHIA PA 19102
(215) 564-5190   mskinner@swartzcampbell.com

RICHARD POLLEY, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE SUITE 400
PITTSBURGH PA 15222
(412) 281-7272   awarhola@dmclaw.com

RICHARD POLLEY, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE SUITE 400
PITTSBURGH PA 15222
(412) 281-7272   rpolley@dmclaw.com

SUZIE MCNAMARA, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   pnfortune@mdwcg.com

Service List                                      Court              Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.   PCCP               1212-3661

SUZIE MCNAMARA, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   JDSINE@MDWCG.COM

SUZIE MCNAMARA, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   jastein@mdwcg.com

SUZIE MCNAMARA, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   djmcneil@mdwcg.com

SUZIE MCNAMARA, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   skmcnamara@mdwcg.com

SUZIE MCNAMARA, MARSHALL, DENNEHEY, WARNER, ET AL..
2000 MARKET ST. SUITE 2300
PHILADELPHIA PA 19103-4797
(215) 575-2600   jwcagnoli@mdwcg.com

EDMUND JOHN, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 27TH FLOOR
PHILADELPHIA PA 19102
(215) 299-4319   ejohn@swartzcampbell.com

JOHN DUNN, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 27TH FLOOR
PHILADELPHIA PA 19102
(215) 564-5190   gstokes@swartzcampbell.com

JOHN DUNN, SWARTZ CAMPBELL
TWO LIBERTY PLACE 50 S. 16TH ST., 27TH FLOOR
PHILADELPHIA PA 19102
(215) 564-5190   kshackleton@swartzcampbell.com

LANE BRODY, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICK
THE CURTIS CENTER, SUITE 1130 EAST INDEPENDENCE SQUARE WEST
PHILADELPHIA PA 19106
(215) 627-6900   m.douglas.eisler@wilsonelser.com

LANE BRODY, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICK
THE CURTIS CENTER, SUITE 1130 EAST INDEPENDENCE SQUARE WEST
PHILADELPHIA PA 19106
(215) 627-6900   lane.brody@wilsonelser.com

Service List                                    Court        Docket
JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL.   PCCP        1212-3661

DEBRA SMITH, MARON, MARVEL, BRADLEY & ANDERSON
3 LOGAN SQUARE 1717 ARCH ST., SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7100   ds@maronmarvel.com

DEBRA SMITH, MARON, MARVEL, BRADLEY & ANDERSON
3 LOGAN SQUARE 1717 ARCH ST., SUITE 3710
PHILADELPHIA PA 19103
(215) 231-7100   ljd@maronmarvel.com

STACY CROSSAN, MARKS, O'NEILL, O'BRIEN & COURTNEY
1800 JOHN F. KENNEDY BLVD. SUITE 1900
PHILADELPHIA PA 19103
(215) 832-4244   scrossan@mooclaw.com

STACY CROSSAN, MARKS, O'NEILL, O'BRIEN & COURTNEY
1800 JOHN F. KENNEDY BLVD. SUITE 1900
PHILADELPHIA PA 19103
(215) 832-4244   sradwill@mooclaw.com

STACY CROSSAN, MARKS, O'NEILL, O'BRIEN & COURTNEY
1800 JOHN F. KENNEDY BLVD. SUITE 1900
PHILADELPHIA PA 19103
(215) 832-4244   recordtrackeservice@mooclaw.com

STACY CROSSAN, MARKS, O'NEILL, O'BRIEN & COURTNEY
1800 JOHN F. KENNEDY BLVD. SUITE 1900
PHILADELPHIA PA 19103
(215) 832-4244   pmuncie@mooclaw.com

BETH SPENCE, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICK
THE CURTIS CENTER STE.1130, E.INDEPENDENCE SQE. WEST
PHILADELPHIA PA 19106
(215) 627-6900   beth.spence@wilsonelser.com

BETH SPENCE, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICK
THE CURTIS CENTER STE.1130, E.INDEPENDENCE SQE. WEST
PHILADELPHIA PA 19106
(215) 627-6900   rudolph.dilorenzo@wilsonelser.com

FREDERICK MARVEL, KELLEY, JASONS, MCGOWAN, SPINELLI, HANNA &REBER
50 S. 16TH STREET 2 LIBERTY, SUITE 1900
PHILADELPHIA PA 19102
(215) 854-8719   fmarvel@kjmsh.com

PAMELA FAIREY, DICKIE, MCCAMEY & CHILCOTE
1650 ARCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   promanowski@dmclaw.com

| Service List | Court | Docket |
|---|---|---|
| JOHN B. DEVRIES v. ASBESTOS DEFENDANTS, ET. AL. | PCCP | 1212-3661 |

PAMELA FAIREY, DICKIE, MCCAMEY & CHILCOTE
1650 ARCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   pfairey@dmclaw.com

PAMELA FAIREY, DICKIE, MCCAMEY & CHILCOTE
1650 ARCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   tturner@dmclaw.com

PAMELA FAIREY, DICKIE, MCCAMEY & CHILCOTE
1650 ARCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   wadams@dmclaw.com

PAMELA FAIREY, DICKIE, MCCAMEY & CHILCOTE
1650 ARCH ST. SUITE 2110
PHILADELPHIA PA 19103
(215) 925-2289   dhansen@dmclaw.com

STEPHEN TOWNSEND, MCGIVNEY & KLUGER
1650 ARCH STREET 18TH FLOOR
PHILADELPHIA PA 19103
(215) 557-1990   lciccotelli@mcgiveneyandkluger.com.com

JENNIFER ORR, MARGOLIS EDELSTEIN, ET AL.
170 S. INDEPENDENCE MALL WEST SUITE 400E
PHILADELPHIA PA 19106-3337
(215) 922-1100   slashley@MARGOLISEDELSTEIN.COM

JENNIFER ORR, MARGOLIS EDELSTEIN, ET AL.
170 S. INDEPENDENCE MALL WEST SUITE 400E
PHILADELPHIA PA 19106-3337
(215) 922-1100   jorr@margolisedelstein.com

SHANNAN NOE, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE SUITE 400
PITTSBURGH PA 15222-5402
(412) 392-5623   kobermeier@dmclaw.com

SHANNAN NOE, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE SUITE 400
PITTSBURGH PA 15222-5402
(412) 392-5623   aponzo@dmclaw.com

SHANNAN NOE, DICKIE, MCCAMEY & CHILCOTE
TWO PPG PLACE SUITE 400
PITTSBURGH PA 15222-5402
(412) 392-5623   snoe@dmclaw.com