IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN B. DEVRIES and ROBERTA DEVRIES | : Consolidated under MDL 875<br>: CIVIL ACTION<br>: NO. 5:13-CV-0474 |
| vs. | : |
| WARREN PUMPS, LLC, et al. | : |

## DEFENDANT WARREN PUMPS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, Warren Pumps, LLC, by and through counsel, hereby respectfully submits this Reply Brief in support of its Motion For Summary Judgment.

1. **Plaintiffs Have Failed to Introduce Actual, Competent Evidence that Mr. DeVries Was Exposed to Asbestos through any Product or Component Actually Supplied by Warren**

The main issue to recognize for the resolution of this dispositive motion is the fact that Plaintiffs have failed to offer any actual evidence that Mr. DeVries was exposed to an asbestos-containing component actually manufactured or distributed by Warren. Plaintiffs are well-aware of this evidentiary shortcoming and the fact that it means that their case fails as to Warren under maritime law. In order to address this defect in their case, Plaintiffs previously moved to bar the "bare metal defense" without citation to any legal authority actually supporting their argument. (Doc. No. 275). Plaintiffs have now, through their Opposition to Warren's motion, attempted to switch the burden onto Warren by claiming that Warren must show that the original asbestos-containing components to its pumps on the *Turner* were replaced prior to Mr. DeVries boarding the ship. This argument is a complete misstatement of the applicable law. Instead, what these two arguments display is a tacit understanding by Plaintiffs that they have failed to create a question of material fact as required under the Federal Rules and interpretive case law. More specifically, Plaintiffs' arguments indicate an acknowledgement that under the existing rules and

case law, Warren is entitled to summary judgment pursuant to *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005); *citing Stark v. Armstrong World Indus., Inc.*, 21 Fed. App'x 371, 375 (6th Cir. 2001). Thus, Plaintiffs' only option to survive summary judgment is to seek to change the existing jurisprudence relevant to this Motion.

Plaintiffs argue that Mr. DeVries was exposed to asbestos when other sailors changed packing in pumps, including Warren pumps, and flange gaskets attached to pump flanges and pipe flanges outside of pumps. Plaintiffs do not contend that Warren manufactured or supplied the actual gaskets or packing allegedly replaced. Mr. DeVries, the only actual fact witness deposed in this case, unquestionably admitted that he lacked any personal knowledge as to who manufactured or supplied any of these components:

```
                                      93
2   Q.   And you wouldn't know when that stuffing
3   was initially installed in the pump; is that
4   correct?
5   A.   I would not know.

…

                                      93
14  .    Since there's no writing on the old
15  pack -- or old stuffing that's being removed,
16  do you know who manufactured any of the old
17  stuffing materials?
18  A.   I don't know who manufactured the
19  packing that we removed or installed.

…

                                      98
12  Q.   Would you know who manufactured the seal
13  that was being removed?
14  A.   No.
15  Q.   Would you have any personal knowledge
16  that the seal being removed contained
17  asbestos?
18  A.   No.
19  Q.   Would you have any personal knowledge as
20  to when that seal was actually installed in
```

>     21  the flange?
>     22  A.   Again, only if we had installed it
>     23  ourselves.

Plaintiffs now inexplicably argue that Mr. DeVries possibly encountered original components (packing/flange gaskets) to Warren pumps, despite Mr. DeVries' clear testimony to the contrary:

>                                                        99
>      4  Q.   Would you have any personal knowledge as
>      5  to whether any of those seals were original to
>      6  the flanges with the pumps?
>      7  A.   Nope.
>      8  Q.   Is it your understanding that those
>      9  seals would have been replaced numerous times
>     10  prior to your boarding?
>     11  A.   Yes.
>     12  Q.   And the same with the stuffing, is it
>     13  your understanding that that stuffing material
>     14  would have been replaced numerous times prior
>     15  to your time on the ship?
>     16  A.   Packing was always being replaced.

At 99:4-16. Thus, the only witness deposed in this action conceded an absolute lack of knowledge as to the manufacturer or supplier of the allegedly asbestos containing packing and gaskets and also testified that these gaskets and packing would have been changed before he boarded the *Turner* based on his understanding and experience. Plaintiffs' argument to the contrary is simply and unequivocally based on a different factual record than what was developed in the case *sub judice*.

2. **Plaintiffs' Opposition Is Based on a Fundamental Misunderstanding of the Burden Applicable to Resolution of Dispositive Motions Under Fed. R.Civ. P. 56**

Despite the clear factual inaccuracies, which serve as a purported basis for Plaintiffs' Opposition, Warren will break down the flawed arguments advanced by Plaintiffs. First, Plaintiffs claim that the question as to whether the original components to the Warren pumps were removed prior to Mr. DeVries boarding the *Turner* necessarily requires a jury to resolve.

However, this argument is based on a fundamental misunderstanding of what a plaintiff must do to get past summary judgment. It is beyond debate that once a defendant establishes that the plaintiff's case lacks the facts or evidence to support the plaintiff's case, the burden shifts to the plaintiff to demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Warren has triggered this burden-shifting by pointing to Plaintiffs' own testimony that he did not know who manufactured or supplied the components and that he believed that they had been replaced multiple times before he was on the *Turner*. At this point, the evidence clearly militates for the entry of summary judgment in Warren's favor. *Lindstrom*, *supra*.

Plaintiffs' response to this reality is to argue that their experts, Mr. Faherty and Woodruff "**_suggest_** that not all asbestos was removed." Plaintiffs' Opposition at 3 (emphasis supplied). First, Mr. Faherty was not disclosed as an expert, his opinions were not disclosed to defendants, and defendants were not afforded an opportunity to depose him on this or any other matter. Second, Plaintiffs fail to explain how Mr. Faherty "suggests" that any component to a Warren pump encountered by Mr. DeVries was an original component. Third, Mr. Faherty does aver in his affidavit that "if a company supplied asbestos with its equipment, some of that asbestos was always present unless the record shows that the asbestos installed by the defendants was entirely removed." *See* Affidavit of Mr. Faherty at ¶44 (doc. No. 301-1 at 21). However, this statement is not tailored to any specific equipment, any specific asbestos product or component, any specific defendant, and it is not explained how this statement even applies to the facts of this case. Moreover, Mr. Faherty fails to explain how he is qualified as an expert to offer this opinion. In fact, it is not even clear what is meant by this statement.

As for Mr. Woodruff, nothing in his report indicates that Mr. DeVries encountered an asbestos-containing product or component actually supplied by Warren, and thus, his report fails to establish the existence of a question of material fact for a jury to decide.

3. **Plaintiff's Reliance on *Prange*, *Brown*, *Chicano*, and *Hoffeditz* Is Completely Misplaced Since None of Those Cases Involved the Bare Metal Defense Under Maritime Law**

Plaintiffs then acknowledge that maritime law applies to this case but inexplicably argue that the bare metal defense does not apply where there is evidence that a piece of equipment was originally supplied with an asbestos-containing component. It must be acknowledged from the outset that Plaintiffs fail to point to any legal authority actually supporting this argument. Instead, Plaintiffs mistakenly cite to *Prange v. Alfa Laval*, 2011 U.S. Dist. LEXIS 121892, as though this opinion supports their position when it clearly does not. In fact, there was no bare metal defense advanced in *Prange v. Alfa Laval*, at least with respect to the defendant and summary judgment denial cited by Plaintiffs. Similarly, Plaintiffs cite to this Court's decision in *James Allen Brown v. Kaiser Gypsum*, 2011 U.S. Dist. LEXIS 121892, although, again, there was no bare metal defense at issue. Plaintiffs also mistakenly cite the *Hoffeditz* and *Chicano* cases, neither of which involve maritime law nor the bare metal defense under maritime law. In summary, none of the cases cited by Plaintiffs have any connection or similarity to the issues to be decided in the case *sub judice*. More specifically, none of them involve an analysis of the bare metal defense under maritime law—a topic this Court has repeatedly visited and which clearly directs for the entry of summary judgment in favor of Warren here.

Despite Plaintiffs' claims or arguments to the contrary, the facts of this case are identical to the facts in dozens of other cases handled by this Court wherein equipment manufacturers were granted summary judgment where there was no evidence that the plaintiff was exposed to

asbestos through any product or component placed into the stream of commerce by the equipment manufacturer.  The only difference between those cases and this case is that Plaintiffs here are advancing an unfounded, unsupportable claim that Mr. DeVries was exposed to asbestos through packing or gaskets supplied by Warren.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in Warren's Motion for Summary Judgment and Memorandum of Law, it is respectfully requested that this Court enter an order granting final summary judgment in favor of Defendant Warren Pumps, LLC.

    Respectfully Submitted,

    **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:    /s/**Joshua D. Scheets** JDS7318
    JOSHUA D. SCHEETS, ESQUIRE
    PA Attorney ID No. 203015
    2000 Market Street, 25^(TH) Floor
    Philadelphia, PA 19103
    (215) 575-2751
    Attorneys for Defendant, Warren Pumps, LLC

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2013, we electronically filed the foregoing Reply Brief in Support of Warren Pumps, LLC's Motion for Summary Judgment with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                      **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY:     /s/**Joshua D. Scheets** JDS7318
           JOSHUA D. SCHEETS, ESQUIRE
           PA Attorney ID No. 203015
           2000 Market Street, 25TH Floor
           Philadelphia, PA 19103
           (215) 575-2751
           Attorneys for Defendant, Warren Pumps, LLC