**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | Civil Action No. MDL 875 |

| | |
|---|---|
| This Document Relates To | : |
| | : |
| JOHN B. DeVRIES and ROBERTA G. DEVRIES, h/w | : CIVIL ACTION NO. |
| | : 5:13-CV-00474 |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| FOSTER WHEELER, LLC, | : ASBESTOS CASE |
| et al., | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

**DEFENDANT, FOSTER WHEELER, LLC'S REPLY IN SUPPORT OF**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendant, Foster Wheeler, LLC (survivor to a merger with Foster Wheeler Corporation) and its subsidiaries (hereinafter referred to as "Foster Wheeler"), by and through the undersigned counsel, hereby submits its Reply to Plaintiff's Opposition to Foster Wheeler's Motion for Summary Judgment. Foster Wheeler respectfully submits that Plaintiff's Opposition fails to establish there is a genuine issue of material fact that would preclude the entry of Summary Judgment.

**I.    ARGUMENT**

As set forth in the original Motion for Summary Judgment, Foster Wheeler respectfully submits there is no evidence or testimony that Plaintiff, John DeVries, was ever exposed to an asbestos-containing product attributable to Foster Wheeler. Plaintiffs, in their Answer to Foster Wheeler's Motion for Summary Judgment ("Plaintiffs' Answer"), rely on testimony and documents which are irrelevant and provide no evidence to support Plaintiffs' claim that Mr.

DeVries' asbestos-related condition was caused by products allegedly attributable to Foster Wheeler. Foster Wheeler hereby incorporates its Response in Opposition to Plaintiffs' Motion for Summary Judgment of Defense of Federal Officer (docket entry 307) and Response in Opposition to Plaintiffs' Motion to Bar Bare Metal Defense (docket entry 308), both filed November 15, 2013, as well as all the exhibits attached thereto as though set forth herein at length.

A.  There is no evidence or testimony that John DeVries was ever exposed to an asbestos-containing product attributable to Foster Wheeler; "Bare Metal"

Plaintiffs' Answer in Opposition to the Motion suggests that John DeVries was exposed to asbestos-containing gaskets in relation to the *manhole* and *flange* connections on the condensers aboard the U.S.S. Turner that were either original to the Foster Wheeler condensers or replacement gaskets supplied by Foster Wheeler. As set forth in the initial Motion for Summary Judgment, Mr. DeVries did not actually testify to any exposure from a manhole gasket product on either Foster Wheeler condenser. Despite Plaintiffs' contention that "[h]e was in the vicinity when the manhole gaskets were scraped off creating dust (275-279),"[1] Mr. DeVries' *actual* testimony was that he was not involved in the removal and replacement of the manhole seal. See, Exhibit "A" to Foster Wheeler, LLC's Motion for Summary Judgment at pp. 276:4-10 and 280:18-24.

With respect to the gaskets on the flanges to the connections on the condensers (id. at pp. 284:12-285:20), Plaintiffs have not set forth any legally competent evidence which would create a genuine issue of material fact to establish the gaskets (a) actually contained asbestos or (b) were supplied by Foster Wheeler. Instead, Plaintiffs attach as Exhibit B to their Answer

---

[1] The "dust" Plaintiffs refer to here is actually regarding the piping connecting to the condenser, *not* the manhole. Id. at p. 279:2-12.

correspondence between The Babcock & Wilcox Company and Foster Wheeler Corporation regarding the shipment of "Foster Wheeler Navy Type *Economizers*" (not condensers). Not only does this exhibit deal with an entirely different piece of equipment (economizers, rather than condensers), but Plaintiffs also endeavor to direct this Honorable Court's attention to gaskets that are not the same as those at issue here ("992 – *Handhole* gaskets," rather than *flange* gaskets). In addition to the fact that the gaskets referenced in the documents attached in Plaintiffs opposition relate to gaskets on an entirely different piece of equipment (economizer vs. condenser), the gaskets referenced in the documents relate to handhole gasket in contrast to the flange gasket which Mr. Devries mentioned in relation to the Condenser. In addition, there is no indication or reference in the documents upon which Plaintiff relies indicating any of the 992 gaskets, or any other product for that matter, is an asbestos-containing product.

Plaintiff's Opposition then attempts to rely on the testimony of Richard C. Johnson (attached to their Answer as Exhibit C) in support of their assertion that "[a]ll gaskets for condensers made by Foster Wheeler contained asbestos…" Mr. Johnson's testimony cannot be considered on numerous grounds. First, Mr. Johnson's testimony provides no support and provides no evidence which would, in any way, establish that Mr. DeVries was ever exposed to any asbestos-containing product sold, supplied, manufactured, distributed, or placed into the stream of commerce by Foster Wheeler. Mr. Johnson's testimony actually serves to solidify Foster Wheeler's Motion as it makes clear that not all Foster Wheeler contracts or equipment called for or specified the use of asbestos containing products, as Mr. Johnson testified that Foster Wheeler knew asbestos products were being used on its equipment "*in some cases*" (p. 165:19-22 of Exhibit C to Plaintiffs' Answer, emphasis added). Ultimately, the testimony of Mr. Johnson did not relate specifically to the U.S.S. Turner. Therefore, based on Mr. Johnson's

testimony, it is clear the documents associated with any Foster Wheeler contract for equipment would be the best evidence with respect to whether Foster Wheeler supplied any asbestos containing product. In this case, Plaintiff has offered no evidence to establish Foster Wheeler supplied the flange gasket(s) which Mr. Devries recalled being removed by others or which would establish those gaskets actually contained asbestos.

Accordingly, Mr. Johnson's testimony is irrelevant in determining whether Mr. DeVries was ever exposed to any asbestos containing product in connection with the Foster Wheeler condensers. Similarly, the trial testimony of Clayton Jewitt, retired employee of Garlock, Inc., (attached to Plaintiffs' Answer as Exhibit D) is also irrelevant. Mr. Jewitt's testimony related to Garlock gaskets only and could not speak to the gaskets of any other company. Even Plaintiffs' counsel here (Mr. Reich) moved to strike Mr. Jewitt's testimony "beyond what Garlock manufactured and how Garlock's procedures were." (See, final page of Exhibit D to Plaintiffs' Answer at lines 16-22.) Therefore, Plaintiffs have provided no evidence which would support their assertion that "all high temperature gaskets contained asbestos."

Foster Wheeler respectfully submits that none of the exhibits in Plaintiffs' Answer provide any evidence that Mr. DeVries was ever exposed to an asbestos-containing product in connection with the Foster Wheeler condensers at issue. Therefore, since Plaintiffs' Answer fails to set forth any admissible, non-speculative evidence or testimony to suggest that Mr. DeVries was ever exposed to an asbestos-containing product attributable to Foster Wheeler, Foster Wheeler respectfully submits its Motion for Summary Judgment should be granted.

Even assuming *arguendo* the gaskets on the flange connections to the condensers contained asbestos (for which no legally competent evidence exists in support thereof), "under maritime law, a manufacturer is not liable for harm caused by, and owes no duty to warn of the

hazards inherent in, asbestos products that the manufacturer did not manufacture or distribute." Conner v. Alfa Laval, Inc., 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012). Plaintiffs argue Foster Wheeler is not entitled to the so-called "bare metal" defense, stating, "the burden is on Foster to show that the gaskets he was exposed to had ever been removed prior to his exposure which Foster cannot do." Putting aside for the moment its invalidity, this argument is based on the unsupported premise that Foster Wheeler supplied the condensers with asbestos-containing gaskets on the flange connections as well as asbestos-containing replacement gaskets to be used. However, and as set forth above, Plaintiffs' have cited to no evidence or testimony which would support this unsupported contention.

Notwithstanding Plaintiffs' position, Foster Wheeler respectfully submits it is Plaintiffs' burden to present evidence which shows that (1) he was exposed to the defendant's product, (2) the product was a substantial factor in causing the injury he suffered, and that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged. Lindstrom v. A-C Product Liability Trust, 424 F.3d 488, 492 (6th Cir. 2005). Foster Wheeler respectfully submits that Plaintiffs have not carried their burden with respect to these elements of proof and Summary Judgment should therefore be granted.[2]

B. <u>Mr. DeVries' exposure (if any) to asbestos from the flange gaskets being removed from the connections to the Foster Wheeler condensers was at best, mere "minimal exposure."</u>

---

[2] Plaintiffs set forth criteria differentiating this case from other cases where defendants pressed the so-called bare metal defense: "First, plaintiff in those cases did not prove that defendant supplied asbestos with its machinery or that the defendant supplied replacement asbestos or that plaintiff was exposed to original equipment asbestos. Second, there was no evidence or argument that there was exposure to original equipment asbestos." However, and as set forth in more detail above, Plaintiffs' have failed to present any evidence that the gaskets at issue in this case were supplied by Foster Wheeler (original or replacement) and no evidence Mr. DeVries was exposed to any original product in relation to the Foster Wheeler condensers, thereby failing to present any evidence to satisfy their own criteria.

In the event this Honorable Court were to conclude Mr. DeVries was, somehow, exposed to an asbestos-containing product attributable to Foster Wheeler in relation to the condensers on board the U.S.S. Turner, Foster Wheeler respectfully submits summary judgment should be entered in its favor nonetheless, as there is no evidence any such exposure was a substantial factor in causing Mr. DeVries' asbestos-related disease. As set forth in the initial Motion for Summary Judgment, Plaintiffs are required to demonstrate more than mere "minimal exposure" to a defendant's product to establish causation.

As set forth above, the only potential exposure in relation to the Foster Wheeler condensers is from the gaskets on the flange connections; there is no exposure testimony with respect to the manhole seal/gasket. Mr. DeVries could not provide any information regarding the number of times the flange gaskets on the connections to the condenser were actually removed by others in his presence. See, Exhibit "A" to Foster Wheeler's Motion for Summary Judgment at p. 285:15-20. Mr. DeVries admitted the removal of these gaskets was *not a frequent occurrence*. Id. at p. 427:3-11.

Plaintiffs must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Donn v. A.W. Chesterton Co., 2013 U.S. Dist. LEXIS 83165 (E.D. Pa. May 8, 2013) (quoting Lindstrom, 424 F.3d at 492. In this case, Mr. DeVries was not only unable to quantify the number of times the flange gaskets on the connections to the condensers were actually removed in his presence, no matter how many times he admitted it was not a frequent occurrence. Therefore, any potential exposure from the removal of these is insufficient to establish the "high enough level of exposure" required to pass the Substantial Factor test.[3]

---

[3] Plaintiffs' Answer ironically cites Hagen v. Benjamin Foster Co., 2012 U.S. Dist. LEXIS

C.  Government Contractor Defense

As set forth in its Response in Opposition to Plaintiffs' Motion for Summary Judgment of Defense of Federal Officer (docket entry 307), incorporated as set forth fully herein, Foster Wheeler submits Plaintiffs have not produced any evidence of their own to contradict evidence presented by Foster Wheeler as the Woodruff affidavit, as well as the affidavits of Dr. Castleman and Faherty and the report of Dr. Frank, should not be considered by this Honorable Court in deciding the instant motion.

As set forth more fully in Foster Wheeler's Opposition to Plaintiffs' Motion for Summary Judgment, the Woodruff affidavit constitutes inadmissible hearsay and, therefore, should not be considered. Moreover, Plaintiffs offer no explanation as to how Dr. Frank and/ or how Barry Castleman are qualified to testify regarding the Woodruff and/or Faherty affidavits. Neither Dr. Frank nor Castleman possess qualifications which would allow them to offer expert opinion testimony regarding the Navy's specifications and procedures for the placement of warnings on equipment aboard World War II era vessels (*i.e.*, the USS Turner).

Furthermore, the Faherty affidavit was executed in support of *another* matter (not this one) and Plaintiffs' Answer fails to establish any specific connection between the facts of that case to the facts of the matter *sub judice*. Additionally, Plaintiffs' Answer provides no information to suggest that Faherty has been disclosed as an expert witness who was been identified or disclosed as a witness who would be called to testify at the time of trial.

---

187066 (E.D. Pa. Oct. 12, 2012) for the proposition that "so long as there was evidence of high heat exposure for the same length resolving whether there was substantial enough exposure is for a jury to resolve." See, Plaintiffs' Answer at p. 4. However, this Honorable Court held in Hagen, as it did in Donn supra, that, "A mere 'minimal exposure' to a defendant's product is insufficient to establish causation. Lindstrom, 424 F.3d at 492."

In addition, neither the Woodruff affidavit nor the Faherty affidavit set forth any evidence that Foster Wheeler's knowledge regarding the potential hazards of exposure to asbestos was *superior* to that of the U.S. Navy. Plaintiffs' Answer (at p. 9) asserts that "the knowledge that asbestos caused cancer was available to any industrial company through the Industrial Hygiene Foundation (IHF)" and "Foster was also a member of the IHF (Exhibit C January NT 528). Thus Plaintiff contends what GE knew, Foster knew (Exhibit O)." However, review of the actual testimony Plaintiffs cite to here reveals that, according to Mr. Johnson, Foster Wheeler was a member of the National Safety Council (not the IHF). Moreover, even if Foster Wheeler was a member of the IHF, a fact which is not addressed in Plaintiffs Answer, Mr. Johnson offered no testimony and Plaintiff has cited to no evidence which would establish Foster Wheeler had knowledge of the potential dangers of exposure to asbestos when the U.S.S. Turner was being constructed in 1945. Therefore, Plaintiffs have presented no evidence which would establish Foster Wheeler's knowledge was *superior* to the United States Navy's.

In Willis v. BW IP Int'l Inc., 811 F. Supp. 2d 1146 (E.D. Pa. 2011), this Honorable Court emphasized that, "in order to prevail on summary judgment as to the government contractor defense, Defendants would have to show the absence of a genuine issue of material fact as to all three (3) prongs of the Boyle test." Willis, 811 F. Supp. 2d at 1157. The facts here are analogous to those in Faddish v. General Electric Co., 2010 U.S. Dist. LEXIS 112937 (E.D. Pa. Oct. 20, 2010), where this Court found that the defendant was entitled to summary judgment based on the government contractor defense because plaintiffs did not produce any evidence of their own which contradicted defendants' proofs. Here, similar to the facts in Faddish Plaintiffs have not presented any admissible, controverting evidence to that presented by Foster Wheeler. Therefore, Plaintiffs have failed to put forth any triable issues of material fact to defeat Foster

Wheeler's Government Contractor Defense.

**II. CONCLUSION**

For all the foregoing reasons above and as set forth in its original Motion for Summary Judgment, Defendant, Foster Wheeler, LLC, respectfully requests this Honorable Court to grant its Motion for Summary Judgment and enter an order in the form attached to the original Motion.

Respectfully submitted,

**REILLY, JANICZEK & MCDEVITT, P.C.**
Widener Building, Suite 410
One South Penn Square
Philadelphia, PA 19107

By: ___*/s/ Lee J. Janiczek*___
  LEE J. JANICZEK, ESQUIRE
  ljaniczek@rjm-law.com
  (215) 972-5200
  *Attorney for Defendant,*
  *Foster Wheeler, LLC*

# CERTIFICATE OF SERVICE

I, Lee J. Janiczek, do hereby certify that a true and correct copy of Defendant, Foster Wheeler, LLC's Reply in Support of Motion for Summary Judgment was served upon all parties by electronic service through the Court's ECF/Pacer system on December 2, 2013.

**REILLY, JANICZEK & MCDEVITT, P.C.**
Widener Building, Suite 410
One South Penn Square
Philadelphia, PA 19107

By: ___/s/ Lee J. Janiczek_____
      LEE J. JANICZEK, ESQUIRE
      ljaniczek@rjm-law.com
      (215) 972-5200
      *Attorney for Defendant,*
      *Foster Wheeler, LLC*