# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| JOHN B. DEVRIES, ET AL. | : : | E.D. PA CIVIL ACTION NO. 13-00474-ER |
| v. | : : | |
| GENERAL ELECTRIC COMPANY, ET AL. | : : : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    JULY 7, 2021

Presently before the Court are the motions for summary judgment filed by Defendants General Electric Company ("GE") and CBS Corporation ("CBS") regarding Plaintiffs' claims arising out of John DeVries' alleged occupational asbestos exposure. For the following reasons, the Court will grant the motions.

I.   BACKGROUND

Plaintiffs contend that DeVries was exposed to asbestos while in the United States Navy between 1957 and 1960 while serving on the U.S.S. Turner, a Gearing class destroyer. GE and CBS manufactured several of the steam turbines aboard the Turner. Plaintiffs claim that DeVries was exposed to asbestos dust from insulation attached to the turbines which led to his

asbestos-related injury. Plaintiffs further allege that GE and CBS failed to warn DeVries about the danger of asbestos.

GE and CBS delivered the turbines to the shipyard "bare metal," meaning without insulation. The insulation was installed later by naval contractors at the shipyard.

This Court previously granted summary judgment in favor of GE and CBS after finding that they were not liable in light of the "bare metal defense," holding that a manufacturer was not liable for injuries caused by asbestos parts not supplied by that manufacturer. Plaintiffs appealed and, ultimately, the Supreme Court remanded the case after announcing a new test for the bare metal defense under maritime law. See Air & Liquid Sys. Corp. v. DeVries, 139 S. Ct. 986 (2019). GE and CBS have now filed renewed motions for summary judgment, re-asserting, inter alia, the bare metal defense under the newly formulated test by the Supreme Court.

## II. LEGAL STANDARDS

As this Court has previously held, and as recognized by the Supreme Court in Devries, 139 S. Ct. at 993, maritime law applies to this action because both the locality and connection tests are met given that DeVries' alleged exposure occurred during his service aboard a Navy vessel. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455, 463-469 (E.D. Pa. 2011).

2

In DeVries, the Supreme Court announced a new "tightly cabined" maritime bare metal test, holding that:

> In the maritime tort context, a product manufacturer has a duty to warn when (i) its product requires incorporation of a part, (ii) the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses, and (iii) the manufacturer has no reason to believe that the product's users will realize that danger.

139 S. Ct. at 995.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 242 (1986); see Scott v. Harris, 550 U.S. 372, 380 (2007). The mere existence of some disputed facts will not overcome a motion for summary judgment. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson, 477 U.S. at 247-48). In undertaking this analysis, the Court must view all facts in the light most favorable to the non-moving party. Scott, 550 U.S. at 380.

While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving

3

party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**III. DISCUSSION**

GE and CBS argue, inter alia, that Plaintiffs' claims fail the Supreme Court's newly formulated bare metal test. The Court agrees and concludes that Plaintiffs have failed to show that the turbines manufactured by GE and CBS and supplied to the Turner required the incorporation of asbestos insulation.[1] Because Plaintiffs cannot meet the first prong of the bare metal test, summary judgment in favor of GE and CBS is warranted.[2]

---

[1] Plaintiff cites Sebright v. Gen. Elec. Co., No. CV 19-10593-WGY, 2021 WL 927664 (D. Mass. Mar. 11, 2021), for the proposition that this Court need determine only that the turbines required insulation, not that they required asbestos insulation. 2021 WL 927664, at *14. The Court disagrees with this conclusion and does not adopt it. The purpose of the first prong of the bare metal test is for the Plaintiff to show that the "product requires incorporation of a part" which makes "the integrated product . . . dangerous for its intended uses." DeVries, 139 S. Ct. at 995. It is the fact that the part contributes to the overall danger of the product that is the key to this prong, not just that the product requires a certain non-dangerous part.

[2] Because the Court has determined that Plaintiffs failed to meet the first prong of the bare metal test, the Court cannot discuss without rendering an advisory opinion whether, had Plaintiffs been able to show that the turbines required asbestos insulation, GE and CBS had reason to believe these hypothetical turbines were dangerous and whether they had no reason to believe the turbines' users would realize that danger. Thus, the Court's bare metal analysis starts and ends with the first prong.

In DeVries, the Supreme Court clarified the "requires" prong of the bare metal test, explaining that "the product [(the turbine)] in effect requires the part [(the asbestos containing insulation)] in order for the integrated product to function as intended" "when: (i) a manufacturer directs that the part be incorporated;" "(ii) a manufacturer itself makes the product with a part that the manufacturer knows will require replacement with a similar part;" "or (iii) a product would be useless without the part." 139 S. Ct. at 995-96.

The Court will address each of these three methods of proof in showing the products, the turbines in this case, did not require asbestos insulation that made them dangerous.

**A. Plaintiffs have failed to show that GE and CBS directed that asbestos insulation be incorporated into the turbines**

After the parties addressed this issue in their summary judgment briefs, the Court ordered Plaintiffs to submit further briefing and to cite to specific portions of the record establishing that GE and CBS specified or directed the incorporation of asbestos insulation with the type of naval turbines used on the Turner. After reviewing the parties' original and supplemental briefing on the issue, the Court concludes that Plaintiffs have produced insufficient evidence

that GE or CBS directed or specified the incorporation of asbestos insulation with the turbines at issue.

To support their claims, Plaintiffs produced evidence that some land-based turbines were manufactured by GE and CBS with asbestos insulation and that, in some cases, GE and CBS may have chosen or specified that insulation. This evidence includes news articles and letters, deposition testimony, discovery answers, and various pages of insulation specifications and instructions. However, there is no evidence that any of the rules regarding land-based turbines were used for the maritime turbines at issue, and, in fact, the evidence shows that they were not.

Plaintiffs did produce partial documents regarding two Navy Essex class aircraft carriers which included insulation attachment drawings created by CBS. However, Plaintiffs were unable to produce similar drawings for the Turner, and, instead, the evidence tends to show that such drawings do not exist and were not used for the Turner. Similarly, Plaintiffs produced deposition testimony from other cases regarding asbestos used in connection with GE turbines on specific commercial cargo ships. Like the evidence regarding aircraft carriers, this evidence is not relevant to determining whether GE or CBS directed the incorporation of asbestos insulation <u>with their turbines for the Turner</u>, or even Gearing class destroyers in general.

Plaintiffs also speculate that the Navy merely "rubber stamped" the Defendants' directions to use asbestos insulation when the Navy created its insulation specifications and installed insulation on the turbines. However, speculation cannot create an issue of fact. Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir. 1990))). Instead, the evidence, including testimony from Plaintiffs' expert, indicates that the turbine insulation plans for the Turner were created for the Navy by its architect, Gibbs & Cox.

Plaintiffs make forceful but unsupported claims that the evidence they produced is relevant to the type of marine turbines at issue, and that the evidence shows GE and CBS directed the incorporation of asbestos insulation with those turbines. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott, 550 U.S. at 380. Here, Plaintiffs produced no relevant evidence that GE and CBS specified or

7

directed the incorporation of asbestos insulation with the type of naval turbines used on the Turner.

**B.   Plaintiffs have failed to show that GE and CBS made the turbines with asbestos insulation attached**

There is no serious dispute that GE and CBS sold and delivered the marine turbines at issue without any insulation. Plaintiffs provide evidence that the two Defendants produced and sold some land-based commercial turbines with asbestos insulation attached, but other evidence establishes that this was not the case with these marine turbines. Therefore, GE and CBS did not "make[] the product with a part that [they knew would] require replacement with a similar part. DeVries, 139 S. Ct. at 995.

**C.   Plaintiffs have failed to show that the turbines would be useless without asbestos insulation**

Both parties admit that non-asbestos but functionally equivalent insulation types were available, known to, and approved for use by the Navy that would have allowed the turbines to function properly. For example, the parties acknowledge that the Navy could have used aluminum foil-based insulation or rock wool on the turbines. Therefore, the turbines "would [not] be useless without the" asbestos insulation. Id. at 996.

The parties debate whether the turbines could function optimally without any insulation, but as stated supra in footnote one, the true issue is whether the turbines could function without the asbestos insulation, which both parties acknowledge is the case.

**IV. CONCLUSION**

In that Plaintiffs have failed to meet the first prong of the bare metal test, that the turbines at issue required the incorporation of asbestos insulation, GE and CBS are entitled to summary judgment.

An appropriate order follows.